No. 82–6474. SMITH *v.* FLORIDA. Sup. Ct. Fla. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, I would grant certiorari and vacate petitioner's death sentence on this basis alone. However, even if I accepted the prevailing view that the death penalty can constitutionally be imposed under certain circumstances, I would grant certiorari and vacate the death sentence on the ground that neither the jury that convicted petitioner of murder nor the judge who sentenced him found that he "kill[ed], attempt[ed] to kill, or intend[ed] that a killing take place or that lethal force . . . be employed." *Enmund* v. *Florida,* 458 U. S. 782, 797 (1982). The jury was instructed that "liability for first degree murder extends to all co-felons who are personally present during the commission of the felony" and that "[u]nder the felony murder rule, [the] state of mind of the defendant is immaterial." Tr. 2678. In imposing sentence, the trial judge did not find that petitioner himself killed, attempted to kill, or intended to kill. Although the Supreme Court of Florida concluded that "there was sufficient evidence from which the jury *could have found* [petitioner] guilty of premeditated murder," 424 So. 2d 726, 733 (1982) (emphasis added), neither the jury nor the judge actually made such a finding. Under these circumstances our decision in *Enmund* v. *Florida* requires that petitioner's death sentence be vacated.