481 So.2d 994 (1986)
Elvis Nathaniel CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 85-415.
District Court of Appeal of Florida, Fifth District.
January 23, 1986.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Judge.
Clark appeals from a departure sentence, raising two issues for our consideration. We find no merit to the first issue regarding an alleged denial of due process. However, we agree with Clark on the second issue that the trial court failed to state clear and convincing reasons for departure.
Clark pleaded guilty to the offense of carrying a concealed firearm. His score of twenty points resulted in a recommended sentence of any non-state prison sanction. Clark was instead sentenced to thirty months imprisonment.
*995 Clark's first argument is that he was denied due process because the trial judge refused to state his reasons for departure at the sentencing hearing. The record does not support this claim. Rather, the transcript reflects that the trial judge did announce at the sentencing hearing that he would exercise his discretion to depart based upon Clark's prior record.
Clark's second argument is that the reasons for departure were not clear and convincing. In a separate order, the trial court set forth its reasons for departing as follows:
(1) Defendant has a complete and utter disregard for the law;
(2) Defendant has a history of criminal involvement;
(3) The facts of the case demonstrate to the trial court that the defendant is incapable of living in a free society without violating its laws;
(4) It is inconceivable that a non-state prison sanction would be sufficient punishment in this instance.
Reasons one, two and four cited by the trial court for departure are virtually identical to the reasons held invalid in Hendrix v. State 475 So.2d 1218 (Fla. 1985). Reason three cited by the trial court is simply not supported by the record. The evidence shows that Clark was arrested while leaving a bar. The police observed a suspicious bulge underneath his belt, stopped him and discovered the firearm hidden by his clothes. No aggravated assault had occurred. The record does not reflect, nor does the state allege, that there were any aggravating factors surrounding the incident. The presentence investigation report reveals that Clark had successfully completed probation in prior incidents. Since the facts of this case do not support the court's finding that Clark was incapable of living in a free society without violating its laws, this reason is also invalid.
Sentence reversed and cause remanded for resentencing in accordance with the sentencing guidelines.
DAUKSCH and SHARP, JJ., concur.