488 So.2d 523 (1986)
STATE of Florida, Petitioner,
v.
Karen A. MISCHLER, Respondent.
No. 66191.
Supreme Court of Florida.
April 3, 1986.
Rehearing Denied June 13, 1986.
*524 Jim Smith, Atty. Gen. and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for petitioner.
No appearance, for respondent.
Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for amicus curiae.
ADKINS, Justice.
We have for review Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984), in which the district court certified the following as being a question of great public importance:
Does the theft by a bookkeeper of a major portion of her employer's assets constitute a clear and convincing reason to depart from the guidelines and aggravate a sentence?
Id. at 42. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We agree with the district court and answer the question in the negative.
Departures from the sentencing guidelines range should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating a sentence. Fla.R.Crim.P. 3.701(d)(11). Thus far, trial courts have cited a multitude of reasons as being clear and convincing and therefore justifying departure. The five district *525 courts have reached disparate conclusions as to whether an identical reason is in fact "clear and convincing." Both parties, the district court below, and other district courts have struggled to define "clear and convincing reasons" in an attempt to reach the guidelines' stated goal to establish a uniform set of standards to guide the sentencing judge. See In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983).
In Slomowitz v. Walker, 429 So.2d 797, 800 (Fla. 4th DCA 1983), Judge Dell defined "clear and convincing evidence" as follows:
Clear and convincing evidence requires that the evidence must be found to be credible; the facts to which the witnesses testify must be distinctly remembered; the testimony must be precise and explicit and the witnesses must be lacking in confusion as to the facts in issue. The evidence must be of such weight that it produces in the mind of the trier of fact a firm belief and conviction, without hesitancy, as to the truth of the allegation sought to be established.
The district court noted that the above definition was acceptable as it pertains to a quantum of evidence but unacceptable as it pertains to reasons to depart. However, we choose to base our definition of clear and convincing reasons on Judge Dell's definition of clear and convincing evidence due to the fact that the above definition was a predicate for the clear and convincing reasons to depart standard. See Mischler v. State, 458 So.2d at 40 n. 6.
Accordingly, "clear and convincing reasons" require that the facts supporting the reasons be credible and proven beyond a reasonable doubt. The reasons themselves must be of such weight as to produce in the mind of the judge a firm belief or conviction, without hesitancy, that departure is warranted.
Both parties dispute the proper role of appellate courts in sentencing guideline cases. In Albritton v. State, 476 So.2d 158 (Fla. 1985), we noted that the guidelines were not intended to usurp judicial discretion and that sentencing is still an individualized process. Therefore, we hold that an appellate court's function in a sentencing guidelines case is merely to review the reasons given to support departure and determine whether the trial court abused its discretion in finding those reasons "clear and convincing." Accord Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984).
A reason which is prohibited by the guidelines themselves can never be used to justify departure. Santiago v. State, 478 So.2d 47 (Fla. 1985). Factors already taken into account in calculating the guidelines score can never support departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). A court cannot use an inherent component of the crime in question to justify departure. Steiner v. State, 469 So.2d 179, 181 (Fla. 3d DCA 1985); Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985). If any of the reasons given by the trial court to justify departure fall into any of the three above-mentioned categories, an appellate court is obligated to find that departure is improper.
The trial court improperly deviated from the presumptively correct recommended sentence on the basis that the crime involved was a white collar crime. A trial court is prohibited from departing on the ground that the crime was a white collar crime because white collar is clearly linked to social and economic status which the guidelines expressly forbid using as a basis for sentencing. Fla.R.Crim.P. 3.701(b)(1).
The trial court cited the fiduciary relationship between Mischler and her employer as a clear and convincing reason to justify departure. Mischler was charged and convicted of grand theft under section 812.014, Florida Statutes (1981), the omnibus theft statute, which incorporates into its terms the former separate offense of embezzlement. See Martin v. State, 379 So.2d 179 (Fla. 1st DCA 1980). Embezzlement *526 is broadly defined as the fraudulent appropriation of another's property by a person to whom it has been entrusted or into whose hands it has lawfully come. 29A C.J.S. Embezzlement § 1 (1965). Therefore, the special relationship between the defendant and her employer is an inherent component of the crime for which she was convicted and cannot be used to justify departure. Further, as noted below, "[w]ere we to uphold a departure from the guidelines in this case, it would serve as authority to do the same in most instances of embezzlement, a result obviously not intended when the guidelines were conceived." 458 So.2d at 40.
Moreover, if the sentencing commission had intended to impose a harsher sentence on those convicted of embezzlement as opposed to theft it would have placed embezzlement in a different category than theft for purposes of establishing a score under the sentencing guidelines.
The trial court abused its discretion in finding that lack of remorse is a clear and convincing reason to depart because the facts do not support a finding of lack of remorse. The trial court's finding that Mischler was not remorseful is based entirely on her statement in the presentence report that she did not commit the alleged theft, that the employer was the culpable party, and that she lost at trial because "he [the victim] had money and those with money rule the world." These statements cannot be termed as lack of remorse. Rather, Mischler was merely maintaining her innocence and voicing her opinion on the workings of the criminal justice system in America.
In Pope v. State, 441 So.2d 1073, 1078 (Fla. 1983), we held that lack of remorse cannot be inferred from the exercise of constitutional rights. Similarly, in Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984), the court held that lack of remorse cannot be proven solely by the fact that a defendant maintains his innocence. Thus, we hold that lack of remorse to support a departure sentence cannot be inferred from either the mere exercise of a constitutional right or a continuing assertion of innocence.
The last reason cited by the trial court to justify departure is that the theft involved sizeable funds from a non-wealthy victim. The trial judge clearly abused his discretion by considering the wealth of the victim. We refuse to support the untenable position that a defendant may be more harshly sentenced for stealing from a poor man than a rich man.
Accordingly, we approve the decision of the district court.
It is so ordered.
BOYD, C.J., and OVERTON and SHAW, JJ., concur.
EHRLICH, J., concurs specially with an opinion, in which ADKINS and OVERTON, JJ., concur.
McDONALD, J., dissents.
EHRLICH, Justice, specially concurring.
I concur with the majority, but take this opportunity to explain my understanding of what constitutes a clear and convincing reason.
A "clear and convincing reason" must pass two hurdles: (1) It must be a valid reason, i.e. one which, in the abstract, is an appropriate reason for departure for the particular crime; and (2) The facts of the particular case must establish the reason in that case beyond a reasonable doubt. The "clear and convincing reasons" language of the guidelines must be read to apply only to the first factor, validity, otherwise there is a serious inconsistency between the language of the guidelines and the beyond-reasonable-doubt standard of proof recognized by the majority. The standard of proof as to any decision in a criminal case is axiomatic, and I am therefore comfortable with assuming the language of the guidelines was confined to establishing a standard for validity since there would be no necessity to establish the already well-established standard of proof.
The instant decision demonstrates this two-factor analysis. The decision rejects *527 on grounds of validity the following reasons: white collar crime is not a valid reason for departure in any case because social and economic status may never be used as a basis for sentencing; breach of a fiduciary relationship is invalid for the particular crime of embezzlement because the breach is an inherent component of the specific crime; and the wealth of the victim is an untenable position. The decision rejects a valid reason on evidentiary grounds when it finds no evidence to support the valid reason of lack of remorse.
I explain application of the two-factor analysis before addressing the language of the majority defining "clear and convincing reasons" to demonstrate the intent and application of that definition. Addressing the first factor, validity, the majority holds that "the reasons themselves must be of such weight as to produce in the mind of the judge a firm belief or conviction, without hesitancy, that departure is warranted." I interpret this language to mean that, in order for a reason to be valid, in the abstract and assuming it is proven beyond a reasonable doubt, it must be of such character as to produce, in the mind of a hypothetically reasonably prudent judge, an unhesitatingly firm belief or conviction that departure would be warranted. The "white collar crime" and "breach of fiduciary relationship" reasons in the instant case are invalid because the guidelines bar the judge from even reaching the issues. The wealth of the victim reason is invalid because no reasonably prudent judge could ever find such a reason to have sufficient weight  the concept is antithetical to fundamental principles of the democratic society in which the law exists.
The second factor, sufficiency of the evidence, is more easily analyzed. "[T]he facts supporting the reasons must be credible and proven beyond a reasonable doubt." The only question in my mind is whether the reasonable doubt standard should apply in the sentencing context. A lesser standard might be equally appropriate, but we require the aggravating factors supporting a sentence of death to be proven beyond a reasonable doubt, and I can find no reason to introduce a different, inconsistent, standard for the remainder of sentencing decisions.
The majority notes that review of sentencing decisions is confined to a determination of whether the decision is an abuse of discretion. Application of this doctrine to the two-factor analysis is clear. A sentencing judge who finds valid a reason which a reasonably prudent judge could not have found valid has abused his discretion: invalidity under the test in the majority opinion is a determination about which reasonable judges could not differ. More obviously, departure based on a valid reason not proven beyond a reasonable doubt is an abuse of discretion since a decision based on insufficient evidence is clearly an abuse of discretion.
For these reasons, I concur with the majority.
ADKINS and OVERTON, JJ., concur.