488 So.2d 555 (1986)
Ronnie Eugene CHAPLIN, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-140.
District Court of Appeal of Florida, First District.
April 16, 1986.
Rehearing Denied May 29, 1986.
*556 Raymond A. David, Jr. of David & Morrow, Jacksonville, for appellant.
Jim Smith, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., for appellee.
MILLS, Judge.
In this sentencing guidelines appeal, Chaplin contends the reasons given by the trial court for departing from the guidelines presumptive sentence are not clear and convincing and the trial court erred in allowing the State to argue aggravating circumstances at his resentencing when they were not raised at the original sentencing hearing. We disagree and affirm.
Chaplin was found guilty of two separate counts of armed robbery with a firearm. Pursuant to his election to be sentenced under the guidelines, a category 3 scoresheet was prepared which showed a recommended sentence of 9-12 years incarceration. Based upon this, the trial court sentenced Chaplin to a term of 12 years on each of the counts of armed robbery to run concurrently.
Chaplin's sentences and convictions were affirmed on direct appeal. See, Chaplin v. State, 449 So.2d 981 (Fla. 1st DCA 1984). Thereafter, Chaplin filed a motion for post-conviction relief asserting various scoring errors. This court on 13 August 1985 vacated his sentence and remanded the cause to the trial court, finding that Chaplin's guidelines scoresheet erroneously included points for a prior category 3 offense. See, Chaplin v. State, 473 So.2d 842 (Fla. 1st DCA 1985).
At the resentencing hearing, a new scoresheet was prepared which showed a recommended sentence range of 7-9 years. Over objection, the State argued aggravating circumstances for the court to consider in sentencing Chaplin outside the presumptive range. The trial court then decided to depart from the guidelines and sentenced Chaplin to a term of 12 years. In support of his decision to depart, the trial judge submitted the following reasons in writing:
(1) Defendant has a pattern of escalating new crimes.
(2) Recommended sentence not sufficient for retribution, rehabilitation or deterrence.
(3) Defendant has not demonstrated the ability to govern himself by the laws of the state.
Where the record supports it, the first reason of "a pattern of escalating new crimes" has been upheld as valid. Simmons v. State, 483 So.2d 530 (Fla. 1st DCA 1986). Likewise, the second reason has repeatedly been upheld as valid. Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985). However, we find the third justifiction must be found invalid because its only basis in the record is Chaplin's prior criminal record. Prior criminal records are scored in computing the guidelines sentence and thus may not be used as a grounds for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
Although both valid and invalid reasons were relied upon by the trial court, looking to the transcript of the sentencing proceeding it appears to this Court beyond a reasonable doubt that the same sentence would have been imposed despite the one invalid reason given. See, Albritton v. State, 476 So.2d 158 (Fla. 1985). Therefore, we affirm the departure sentence.
*557 Chaplin's second issue is without merit. At sentencing a trial judge has the discretion to sentence in the manner he or she chooses, which necessarily includes deviating from the guidelines when there are clear and convincing reasons to do so. The fact that the State does or does not argue in favor of aggravating a sentence is irrelevant.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.