490 So.2d 1360 (1986)
Robert Franklin WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1158.
District Court of Appeal of Florida, Fifth District.
April 17, 1986.
Rehearing Denied May 21, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
*1361 James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
COWART, Judge.
The defendant appeals the imposed sentence which was a departure from the recommended guidelines sentence. He was convicted of robbery with a firearm (§ 812.13(2)(a), Fla. Stat.), and sentenced to ten years imprisonment, an upward departure from the recommended guideline sentence of four and one-half to five and one-half years.
The trial judge filed a written statement setting forth six reasons for departure in conformance with Florida Rule of Criminal Procedure 3.701(d)(11). The listed reasons were:
1. The defendant's conduct and the circumstances surrounding the commission of the particular offenses for which he is sentenced persuade the Court that the guideline recommendation range is not commensurate with the severity of the offense determined by the Legislature of the State of Florida, because of the violent nature of the offense; and the fact that a firearm was discharged, during the commission of the offense placing innocent people in extreme danger.
2. That while the victim's injury may have been slight, that both victims of the ABC store suffered shock and extreme fear as a result of the defendant's actions.
3. The offenses for which the defendant is being sentenced were committed in a calculated manner without pretense of moral or legal justification.
4. Protection of the public requires that the defendant be incarcerated for a term in excess of that provided by the Florida sentencing guidelines.
5. That the defendant remaining at liberty and not being sentenced in excess of the sentencing guidelines would subject the public of the State of Florida to extreme risk.
6. The Florida sentencing guideline recommendation is insufficient for retribution, deterrent [sic] or rehabilitation and for public safety.
The first and second reasons are questionable. However, it is not necessary on this appeal to determine their validity because such a determination is not dispositive. The last four reasons given are clearly invalid.[1] Under Albritton v. State, 476 So.2d 158 (Fla. 1985), the assigning of one or more invalid reasons for a departure requires reversal unless the State shows beyond a reasonable doubt that the trial court would have imposed the departure sentence even in the absence of the invalid reasons.
The sentencing judge made no explicit and clear statement that the same sentence would have been imposed absent these invalid reasons. The extreme difficulty of the State showing beyond a reasonable doubt that the trial judge would have imposed the same departure sentence in the absence of invalid reasons given has been pointed out in Brown v. State, 481 So.2d 1271 (Fla. 5th DCA 1986).
The departure sentence is vacated and the cause remanded for resentencing.
SENTENCE VACATED; CAUSE REMANDED.
COBB, C.J., and ORFINGER, J., concur.
NOTES
[1] See Burch v. State, 462 So.2d 548 (Fla. 1st DCA), approved, 476 So.2d 663 (Fla. 1985). See also Moore v. State, 483 So.2d 37 (Fla. 1st DCA 1986); Smith v. State, 479 So.2d 804 (Fla. 1st DCA 1985); Scurry v. State, 472 So.2d 779 (Fla. 1st DCA 1985); Williams v. State, 471 So.2d 630 (Fla. 1st DCA 1985); Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984); Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984), approved, 476 So.2d 163 (Fla. 1985).