489 So.2d 828 (1986)
Edward Leon ROUSSEAU, Appellant,
v.
STATE of Florida, Appellee.
No. BF-484.
District Court of Appeal of Florida, First District.
May 30, 1986.
Michael Allen, Public Defender, Kenneth D. Driggs, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.

ON MOTION FOR REHEARING
MILLS, Judge.
In his motion for rehearing, Rousseau suggests that this court, in affirming his guidelines sentence, has overlooked what he characterizes as the "per se reversible error rule" of State v. Mischler, 488 So.2d 523, (Fla. 1986). In Mischler, the Supreme Court stated that:
A reason which is prohibited by the guidelines themselves can never be used to justify departure. Factors already taken into account in calculating the guidelines score can never support departure. A court cannot use an inherent component of the crime in question to justify departure. If any of the reasons given by the trial court to justify departure *829 fall into any of the three above-mentioned categories, an appellate court is obligated to find that departure is improper. (emphasis supplied).
In our previous opinion, we held that, despite a preponderance of invalid reasons for departure (three out of five), the absence of the invalid reasons would not have affected the departure sentence. See Albritton v. State, 476 So.2d 158, 160 (Fla. 1985). However, two of the three invalid reasons fall within the categories established by Mischler as mandating reversal of any departure relying thereon. The motion for rehearing must therefore be granted. The sentence is reversed and the case remanded for re-sentencing.
We certify the following question as being of great public importance:
When an appellate court finds that a sentencing court, in departing from the presumptive guideline sentence, relied upon a reason within the three categories condemned in State v. Mischler, [488 So.2d 523], 11 F.L.W. 139 (Fla. 1986), may the appellate court apply the harmless error rule articulated in Albritton v. State, 476 So.2d 158 (Fla. 1985) or is reversal mandated without regard for the harmless error rule?
Reversed.
SMITH and THOMPSON, JJ., concur.