COWART, Judge.
This is another sentencing guidelines departure case.
Defendant was charged, tried, and convicted of unlawful sale or delivery of cannabis [1] and possession of cannabis in excess of 20 grams.[2] The trial court imposed a guideline departure sentence for the following summarized reasons:
(1) the defendant’s conduct in the instant offense was in blatant disregard of the laws of society;
(2) the defendant shows no remorse for his conduct;
(3) this offense involved the sale of a controlled substance to inmates of the Correctional Institution;
(4) it is inconceivable to this Court that a non-state prison sanction would be a sufficient deterrent or punishment;
(5) a non-state prison sanction would be insufficient to protect society from the unlawful sale of drugs.
The trial court’s first,[3] second,[4] fourth,[5] and fifth[6] reasons are not clear and convincing reasons for departure. The third reason for departure is invalid because the record evidence does not support it.[7]
Because the reasons for departure given by the trial court are not clear and convincing, we vacate the departure sentence and remand the cause for resentencing to either the recommended guideline sentence or a departure sentence that conforms to the sentencing guidelines (Fla.R.Crim.P. 3.701).
*850 SENTENCE VACATED; CAUSE REMANDED.
UPCHURCH and SHARP, JJ., concur.

. § 893.13(l)(a)(2), Fla.Stat.

. § 893.13(l)(e), Fla.Stat.

. Lee v. State, 486 So.2d 709 (Fla. 5th DCA 1986) (disregard for the laws imposed by society and the criminal justice system is an invalid reason for departure).

. Brown v. State, 483 So.2d 743 (Fla. 5th DCA 1986); Parker v. State, 481 So.2d 560 (Fla. 5th DCA 1986). See also State v. Mischler, 488 So.2d 523 (Fla.1986).

. This court has rejected deterrence as a valid reason for departure. See Safford v. State, 488 So.2d 141 (Fla. 5th DCA 1986); Wilson v. State, 490 So.2d 1360 (Fla. 5th DCA 1986); Smith v. State, 482 So.2d 469 (Fla. 5th DCA 1986). Nor is the lower court’s belief that the guideline sentence would be insufficient punishment a proper reason for departure. Safford, 488 So.2d at 142; Wilson, 490 So.2d at 1361. Clark v. State, 481 So.2d 994 (Fla. 5th DCA 1986). But see Chaplin v. State, 488 So.2d 555 (Fla. 1st DCA 1986) (recommended sentence not sufficient for retribution, rehabilitation, or deterrence a valid reason).

. Wilson, 490 So.2d at 1361. See also Roberson v. State, 483 So.2d 528 (Fla. 5th DCA 1986); Pilgrim v. State, 480 So.2d 688 (Fla. 5th DCA 1985).

. See, e.g., Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986).