WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences imposed for the offenses of sexual battery, false imprisonment, and aggravated assault with a deadly weapon. Among other issues, appellant asserts that the lower court committed reversible error by departing from the recommended sentence established pursuant to Fla.R.Crim.P. 3.701 sentencing guidelines. We affirm the orders appealed.
In departing from the recommended guidelines sentence the court expressed a personal belief that appellant gave untruthful testimony at trial. While this is an improper basis for departure, see Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985), in light of other permissible reasons expressed by the court it is clear beyond a reasonable doubt that the absence of this improper reason would not have affected appellant’s sentence. We therefore conclude that in accordance with Albritton v. State, 476 So.2d 158 (Fla.1985), resentencing is not required. We note, however, that in Rousseau v. State, 489 So.2d 828, on motion for rehearing (Fla. 1st DCA 1986), certain categories of invalid reasons were characterized as mandating reversal. Rousseau adopted this approach based upon statements contained in State v. Mischler, 488 So.2d 523 (Fla.1986), wherein the Florida Supreme Court suggested that certain types of reasons will obligate an appellate court to find a departure to be improper. But Mischler does not expressly recede from Albritton, and the supreme court has continued to recognize the validity of Albritton subsequent to Mischler. See e.g., Agatone v. State, 487 So.2d 1060 (Fla.1986). As in the present case, in Agatone the court relied upon a personal belief as to the veracity of testimony presented to the court. We therefore conclude that Mischler, as clarified by the supreme court’s subsequent pronouncements, does not establish a per se rule of reversal. Finding that appellant’s sentence was not affected by the impermissible reason involved herein, we apply Albritton and decline to find reversible error.
The judgments of conviction and sentences appealed are affirmed.
MILLS and NIMMONS, JJ., concur.