ZEHMER, Judge.
Appellant, Albert R. Grooms, was charged with robbery while armed, two counts of grand theft, and display of a weapon during a felony stemming from an October 23, 1984, incident. Grooms pled guilty to a single count of robbery while armed with a firearm, and a sentencing hearing was held February 25, 1985. The recommended sentence in the sentencing guidelines scoresheet was seven to nine years’ incarceration. Grooms was sentenced to twelve years’ incarceration based on the following reasons for departure:
1. Defendant’s prior history of theft and assault establishes a pattern of continuing conduct that renders him a continuing and serious threat to the community.
2. The court has considered the juvenile record of defendant, not just in the computation of points, but in consideration of the aggravation factors.
3. Defendant has an extensive record as a juvenile of theft-related offenses and burglaries.
4. Defendant’s prior record shows that probation is an ineffective alternative in deterring him from any further criminal activity.
5. Defendant has been committed to state prison on two prior occasions.
Grooms argues that the trial court’s departure from the sentencing guidelines was based on impermissible reasons. We agree.
The primary focus of all five reasons is appellant’s prior convictions, which were factored in computing appellant’s guidelines score. In Riggins v. State, 489 So.2d 180 (Fla. 1st DCA 1986), we held that “when the primary focus of the trial court’s reason for departure is the defendant’s prior criminal record, even though framed in terms of the extent or content of the criminal record, the reason is invalid if the prior convictions have already been factored into the defendant’s guideline score.” Accordingly, this case is remanded for resentencing.
REVERSED and REMANDED.
SHIVERS and BARFIELD, JJ., concur.