COWART, Judge.
This is another sentencing guideline departure case.
“Guideline punishment is not sufficient” was one of the reasons listed by the trial judge for departing upward from the recommended guideline sentence.
This is not a valid reason for departure under Hendrix v. State, 475 So.2d 1218 (Fla.1985). See Medlock v. State, 489 So.2d 848 (Fla. 5th DCA 1986); Safford v. State, 488 So.2d 141 (Fla. 5th DCA 1986); Brown v. State, 487 So.2d 1158 (Fla. 5th DCA 1986); Wilson v. State, 490 So.2d 1360 (Fla. 5th DCA 1986); Scott v. State, 482 So.2d 607 (Fla. 5th DCA 1986); Clark v. State, 481 So.2d 994 (Fla. 5th DCA 1986). But see Chaplin v. State, 488 So.2d 555 (Fla. 1st DCA 1986) (recommended sentence not sufficient for retribution, rehabilitation, or deterrence a valid reason).
*1066 Because of Albritton v. State, 476 So.2d 158 (Fla.1985),[1] we vacate the sentence and remand the case for resentencing to either the recommended guideline sentence or a departure sentence that conforms to the sentencing guidelines (Fla.R. Crim.P. 3.701).
SENTENCE VACATED; CAUSE REMANDED.
ORFINGER and UPCHURCH, JJ., concur.

. The sentencing judge made no explicit and clear statement that the same sentence would have been imposed absent this invalid reason. The extreme difficulty of the State showing beyond a reasonable doubt that the absence of the invalid reason would not have affected the departure sentence has been noted by this court in Brown v. State, 481 So.2d 1271 (Fla. 5th DCA 1986). See abo Hankey v. State, 485 So.2d 827 (Fla. 1986).