492 So.2d 448 (1986)
Michael Anthony SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. BH-387.
District Court of Appeal of Florida, First District.
August 5, 1986.
P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
*449 ZEHMER, Judge.
Scott once again appeals his sentence departing from the sentencing guidelines cell, contending that one of the reasons for departure is improper. The trial court departed from the recommended sentence for the following reasons:
1. Defendant created an extreme risk to the safety of many citizens in his attempt to escape apprehension following commission of the crime.
2. The sentencing guidelines recommendation of 5 1/2 to 7 years is insufficient for retribution, deterrence, rehabilitation, and for the safety of the public.
3. Defendant's criminal history indicates that a prison term of 5 1/2 to 7 years is inadequate punishment for this defendant.
Scott does not challenge the first two reasons for departure because these reasons were upheld on Scott's previous appeal, in which we reversed and remanded for resentencing. Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985). We note, however, that there is now a conflict among the district courts over the validity of the second ground;[1] and, in light of recent Supreme Court opinions, we seriously question whether this ground remains valid.[2] We nevertheless stand on our prior decision with respect to this ground, but certify the apparent conflict with Wilson v. State, 490 So.2d 1360 (Fla. 5th DCA 1986) to the Supreme Court.
The third reason, however, is clearly invalid under the Supreme Court's opinion in Hendrix v. State, 475 So.2d 1218 (Fla. 1985) and is also one of the three reasons that fall within the apparent per se reversal rule set forth in State v. Mischler, 488 So.2d 523 (Fla. 1986). Compare Rousseau v. State, 489 So.2d 828 (Fla. 1st DCA 1986), with Daniels v. State, 492 So.2d 449 (Fla. 1st DCA 1986). In any event, whether or not Mischler mandates reversal in this case, the state has not shown beyond a reasonable doubt, under the standard of appellate review set forth in Albritton v. State, 476 So.2d 158 (Fla. 1985), that the sentence would be the same on resentencing; therefore, the sentence is reversed and the case remanded for resentencing.
REVERSED AND REMANDED.
JOANOS, J., and MINER, CHARLES E., Jr., Associate Judge, concur.
NOTES
[1] Compare Chaplin v. State, 488 So.2d 555 (Fla. 1st DCA 1986) with Wilson v. State, 490 So.2d 1360 (Fla. 5th DCA 1986).
[2] In Williams v. State, 492 So.2d 1308 (Fla. 1986), the court held that the recited reason that "the recommended sentence under the guidelines is not commensurate with the seriousness of the crime" was not a valid reason because "a trial judge may not substitute his own opinion for that of the Sentencing Guidelines Commission simply because he does not agree with the presumptive sentence." 492 So.2d at 1309. The second reason in the case sub judice represents little more than the trial court's disagreement with the recommended sentence.