492 So.2d 1388 (1986)
Henry WILLIAMS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. BH-245.
District Court of Appeal of Florida, First District.
August 27, 1986.
Michael E. Allen, Public Defender and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
JOANOS, Judge.
Henry Williams, Jr. appeals from two consecutive sentences of five years for the offenses of burglary and violation of probation. Williams alleges the trial court erred in (1) failing to give his requested jury instruction, and (2) failing to provide clear and convincing reasons for departure from the recommended guidelines range. We affirm in part and reverse in part.
On August 27, 1984, Williams pled guilty to dealing in stolen property and was placed on probation for four years. He served eight months in Duval County Jail as one condition of probation. On March 11, 1985, an information was filed charging Williams with burglary of a structure; and on April 3, 1985, an affidavit for violation of probation charged Williams with violation of two conditions of his probation. On May 23, 1985, the State filed a notice of intent to seek an enhanced penalty, due to William's prior conviction for dealing in stolen property.
On June 11, 1985, Williams was tried before a jury as a co-suspect in the burglary of a grocery store. A police officer testified that after Williams had been apprised of his rights, he stated that he knew a burglary had been planned, that he knew the two individuals involved in the burglary, and that he had received some of the goods taken from the grocery store in return for acting as a look-out. The two *1389 individuals who entered the grocery store testified that Williams had been in the area, but he had left before they actually entered the structure. One of the co-suspects also testified that Williams did not receive a share of the stolen goods.
Williams requested the following special jury instructions:
1. Presence at the scene of a crime, without more, is not sufficient to establish either intent to participate or act of participation.
2. Mere knowledge that an offense is being committed is not the same as participation with criminal intent.
3. Knowledge that a crime is going to be committed and presence at the scene, without more, is generally insufficient to establish aiding and abetting.
The trial court refused to give the requested instructions, on the ground that the standard jury instruction on prinicpals[1] was an adequate statement of the law.
We find no error in the trial court's denial of Williams's requested jury instructions. It is well settled that a defendant is entitled to a jury instruction on his theory of defense if any evidence was introduced which would support the instruction. Smith v. State, 424 So.2d 726 (Fla. 1982), cert. denied, 462 U.S. 1145, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983); Palmes v. State, 397 So.2d 648, 652 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981); Pope v. State, 458 So.2d 327, 329 (Fla. 1st DCA 1984); Johnson v. State, 484 So.2d 1347 (Fla. 4th DCA 1986). Refusal to give the instruction is not error, however, when the proposed instructions add nothing to the standard instructions. Walker v. State, 428 So.2d 321 (Fla. 1st DCA 1983); Wolack v. State, 464 So.2d 587 (Fla. 4th DCA), petition for review denied, 476 So.2d 676 (Fla. 1985).
In this case, the jury was presented with two versions of Williams's role in the burglary. The jury heard the defense version through the testimony of the two young men who actively committed the offense. According to their testimony, Williams had no knowledge of the burglary, was not present at the scene, and was not in possession of any of the stolen items. The State's theory was presented through the testimony of the investigating officer, who testified that Williams said he knew the persons involved, knew what they planned to do, and received a portion of the items stolen in return for acting as a look-out. In light of the conflicting testimony, Williams's requested jury instructions could possibly have been construed as judicial comment on the credibility of the witnesses. See Marr v. State, 470 So.2d 703, 712 (Fla. 1st DCA), petition for review dismissed, 475 So.2d 696 (Fla. 1985). However, we need not reach that point as the standard instructions sufficiently addressed appellant's defense. Therefore, the requested instructions were properly denied.
Probation revocation and sentencing proceedings were held on June 21, 1985. Williams was sentenced to serve five years on the probation revocation and five years on the burglary conviction, with the burglary sentence to run consecutively to the sentence imposed pursuant to probation revocation. The recommended guidelines sentence was 4 1/2 to 5 1/2 years, based on the scoresheet total. Due to the probation violation, an increase to the next higher cell indicates a recommended sentence of 5 1/2 to 7 years. Fla.R.Crim.P. 3.701(d)(14). The *1390 trial court's statement of reasons for departure provides:
1. The sentencing guidelines recommendation of 4 1/2-5 1/2 years is insufficient for retribution, deterrence, rehabilitation and for the safety of the public.
2. The Defendant's criminal history indicates that a prison term of 4 1/2-5 1/2 years is inadequate punishment for this Defendant.
There are four components to the trial court's first stated reason for departure. The first, that the recommended guideline sentence is insufficient for retribution, was held invalid in Williams v. State, 492 So.2d 1308 (Fla. 1986), and in Scurry v. State, 489 So.2d 25, 27-29 (Fla. 1986). See also Muff v. State, 490 So.2d 1065 (Fla. 5th DCA 1986). The second ground for departure, deterrence, is also invalid. Scurry v. State, 489 So.2d at 27-29; Santiago v. State, 478 So.2d 47 (Fla. 1985); Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984); Allen v. State, 476 So.2d 309, 310 (Fla. 2d DCA 1985). The third ground, that the guideline sentence is insufficient for rehabilitation and for the safety of the public, is invalid if, as in the instant case, it is predicated solely on the defendant's prior criminal record. Williams v. State, 492 So.2d at 1308; Harris v. State, 489 So.2d 838 (Fla. 1st DCA 1986); Patty v. State, 486 So.2d 16 (Fla. 1st DCA 1986); Frank v. State, 490 So.2d 190 (Fla. 2d DCA 1986).
The trial court's second reason for departure, that the defendant's criminal history indicates the guideline sentence is inadequate punishment, is invalid since it relates to matters already factored into the guidelines score. "A trial judge may not depart from the guidelines based on a factor which has already been weighed in arriving at a presumptive sentence." Williams v. State, 492 So.2d 1308 at 1309; State v. Mischler, 488 So.2d 523 (Fla. 1986); State v. Davis, 477 So.2d 565 (Fla. 1985); Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Scott v. State, 492 So.2d 448 (Fla. 1st DCA 1986); Bailey v. State, 492 So.2d 738 (Fla. 1st DCA 1986); Grooms v. State, 490 So.2d 1053 (Fla. 1st DCA 1986).
Since the reasons given by the trial court for departure are invalid, the conviction is affirmed but the sentence is reversed and the case is remanded for resentencing.
ZEHMER, J., and VICTOR CAWTHON, Associate Judge, concur.
NOTES
[1] Fla.Std.Jury Inst. (Crim.) 3.01, provides:

3.01 Principals
If two or more persons help each other [commit] [attempt to commit] a crime and the defendant is one of them, the defendant must be treated as if he had done all of the things the other person or persons did if the defendant:
1. Knew what was going to happen.
2. Intended to participate actively or by sharing in an expected benefit and
3. Actually did something by which he intended to help [commit] [attempt to commit] the crime.
"Help" means to aid, plan or assist. To be a principal, the defendant does not have to be present when the crime is [committed] [attempted].