PER CURIAM.
The trial judge was dissatisfied with the recommended guidelines sentence and imposed “a more realistic sentence.” [1] This is an insufficient reason for departure. See Muff v. State, 490 So.2d 1065 (Fla. 5th DCA 1986); Hendrix v. State, 475 So.2d 1218 (Fla.1985) (insufficiency of a guideline sentence to punish wrongdoer an invalid reason for departure).
We vacate the sentence and remand the case for resentencing to either the recommended guidelines sentence or a departure sentence that conforms to the sentencing guidelines (Fla.R.Crim.P. 3.701).
SENTENCE VACATED; CAUSE REMANDED.
UPCHURCH, C.J., and SHARP and CO-WART, JJ., concur.

. The reason given for departure was:
The Guideline sentence in this case cannot exceed 30 months incarceration. The Court has decided to exceed this sentence by ‘bumping" two cells higher to conform to a more realistic sentence in this case.
The reasons are that although the Defendant was scored for being on probation for a drug related offense, while on Probation the Defendant again engaged in selling drugs. Since this is not a permissible reason to deviate the Court has considered the fact that the Defendant was an individual who sustained his living from selling drugs to the public. In many cases, and including this case he would sell them right out of his home to persons who would frequent his home.
Because of his open manner of selling drugs (as described in the pre sentence report) it is necessary for the protection of the public and society to impose a more realistic sentence of four (4) years and six months incarceration for selling drugs (cocaine) to the public. The defendant has done this in an open manner and has created a situs for persons to obtain cocaine.
The Court cannot reward the defendant with a sentence of 30 months maximum incarceration. A more realistic sentence in this case is that of four (4) years six (6) months, (emphasis supplied)