ON MOTION FOR REHEARING
SHIVERS, Judge.
We grant appellant Burge’s motion for rehearing, vacate the prior opinion, and substitute the following:
Burge originally appealed his conviction and sentence of life imprisonment plus five years for armed robbery and possession of drugs. The trial court departed from the recommended guidelines sentence of 17 to 22 years based on the following reasons:
(1) Defendant was sentenced to life imprisonment for the conviction of the armed robbery charge plus five years consecutive for the possession of drug charges. Defendant lived in Alabama and apparently traveled to Pensacola strictly for the purpose of committing an armed robbery in order to obtain illegal drugs. His pre-sentence investigation indicates that this defendant was convicted of not less than 15 prior felonies including three robberies. He was sentenced to state *929 prison in the state of Alabama on numerous occasions.
(2) There is no indication whatsoever that this defendant will ever be rehabilitated; but, to the contrary, will continue to pose a threat to innocent victims. The defendant’s conduct and circumstances surrounding the commission of these particular offenses persuades the court that the guideline recommended range of sentence is not commensurate with the severity of the offenses as determined by the Legislature of Florida in that the recommended range of twenty years will only enable this defendant to once again prey upon the innocent victims of our society.
(3) While the victim did not suffer serious physical injury, he suffered obvious and profound emotional shock and trauma as a result of defendant’s action as indicated in the statement on the pre-sen-tence investigation.
(4) The offense for which this defendant was convicted involved the use of a firearm and created a great risk of injury or death to the innocent victim.
(5) The defendant showed little or no remorse for having committed this offense and his prior poor performance as a law abiding citizen persuades the court that the only adequate punishment can be a lengthy commitment to a penal facility.
(6) Although he appears to be well able to do so, the defendant shows little, if any, inclination to seek out and hold any type of regular or steady employment in order to support three minor children.
(7) The defendant’s prior history of assault and violent behavior establishes a pattern of conduct that renders him a continuing and serious threat to this community and to every law abiding citizen.
Appellant seeks rehearing based on State v. Mischler, 488 So.2d 523 (Fla.1986), in which the Florida Supreme Court listed three specific reasons mandating reversal if relied upon by the trial court as a basis for departure from the guidelines. Rousseau v. State, 489 So.2d 828 (Fla. 1st DCA 1986); Fain v. State, 488 So.2d 169 (Fla. 1st DCA 1986). We agree that at least two of the seven reasons for departure in this case fall within the categories established by Mischler as mandating reversal.
Reason number one is invalid because it relies on appellant’s prior record, a factor already taken into account in calculating the guidelines score. Mischler, 488 So.2d at 525. Reason number four, that the offense for which this defendant was convicted (armed robbery) involved the use of a firearm, is invalid under Mischler because the possession of a firearm was already factored into the presumptive sentence. See also Bowdoin v. State, 464 So.2d 596, 597 (Fla. 4th DCA 1985). As a result, reversal and remand for resentenc-ing is required by Mischler.
In Albritton v. State, 476 So.2d 158 (Fla.1985), the Florida Supreme Court held that when a trial court cites as a basis for departing from sentencing guidelines reasons which are both valid and invalid, the state must prove beyond reasonable doubt that the absence of the invalid reasons would not have affected the sentence. The perception that the recommended range under the sentencing guidelines is not commensurate with the severity of the offenses is not a clear and convincing reason under Scurry v. State, 489 So.2d 25, 29 (Fla.1986), as it merely reflects a trial judge’s disagreement with the Sentencing Guidelines Commission. Further, the trial court’s stated reason that the victim suffered profound emotional shock as indicated in the statement on the pre-sentence investigation is unsupported by the record since the pre-sentence investigation was not made part of the record for appellate review.
Consequently, regardless of reversal based on Mischler, we reverse and remand for resentencing under Albritton because there is reasonable doubt that the trial court would have rendered the same sentence in the absence of the invalid reasons.
REVERSED and REMANDED for re-sentencing.
*930 ZEHMER, J., concurs.
BARFIELD, J., concurs specially with an opinion.