SHARP, Judge.
This is the second time Medlock has appealed his departure sentence[1] to this court[2] and this is the second time we have had to rule that the reason given for aggravating his sentence is improper. What is unique about this case is the fact that the very reason the trial judge gave for departing the second time around, is one that we expressly held not to be supported by the record.
In the first appeal the trial judge gave as one reason to aggravate Medlock’s sentence “(3) This offense involved the sale of a controlled substance to inmates of the Correctional Institution.” In this court’s opinion quashing that sentence, Judge Co-wart expressly stated: “The third reason for departure is invalid because the record evidence does not support it.” Medlock at 849. Without taking any additional evidence at resentencing (although we hasten to add that this would not have been proper in this case), the trial judge resentenced Medlock to the same sentence, for the same (albeit restated) reason:
The Defendant was convicted by a Jury of his peers of the unlawful sale and delivery of cannabis and the unlawful possession of cannabis in excess of 20 grams. Both crimes are third degree felonies. The facts elicited during trial show that the Defendant, with two other individuals, were in the process of supplying marijuana to Department of Corrections inmates on a work crew in Palat-ka, Florida. This conduct is doubly reprehensible. Not only was the Defendant selling drugs, but to those who were *689 incarcerated felons. This act not only contributes to the ever-increasing problem of drug abuse but impedes rehabilitative efforts of our prison system. The act of supplying prison inmates drugs also exposes, or better yet, facilitates another felony crime or crimes, i.e., possession of contraband in a state correctional facility.
This was a violation of the “law of the case” principle,[3] as well as a flagrant disregard for this court’s ruling. We serve notice that in the future we expect and require that the mandates of this court be complied with. Any future disregard of this court’s directives or mandates, particularly by the same trial judges, will be dealt with sternly. See Matter of Lemond, 274 Ind. 505, 413 N.E.2d 228 (Ind.1980).
According to the guidelines, Med-lock should have received a sentence within the first bracket: any nonstate prison sanction. He has been sentenced twice to two consecutive five-year prison terms, an upwards departure of six brackets. He has now served at least two years[4] (21 months in the state penitentiary) for crimes for which the guidelines mandate a maximum one year sentence in the county jail.
There is no practical way to undo the error caused by Medlock’s erroneous sentencing. At this point it would be manifestly unjust to quash the second departure sentence and remand for resentencing as we normally do.
Accordingly, because of the excessive sentence Medlock has already improperly served, we order that as to the criminal charges in this case he be immediately released and discharged from prison, and we reduce his sentence to time served.
QUASH AND ALTER SENTENCE; DISCHARGE APPELLANT. NO MOTION FOR REHEARING WILL BE ENTERTAINED AND THE MANDATE SHALL BE ISSUED CONCURRENTLY HEREWITH.
COBB and COWART, JJ., concur.

. Fla.R.Crim.P. 3.701(d)(ll).

. See Medlock v. State, 489 So.2d 848 (Fla. 5th DCA 1986).

. Greene v. Massey, 384 So.2d 24 (Fla.1980); Strazzulla V. Hendrick, 177 So.2d 1 (Fla.1965).

. Medlock was first sentenced on July 19, 1985; but was also held in jail awaiting trial since January 1985.