508 So.2d 335 (1987)
Michael Anthony SCOTT, Petitioner,
v.
STATE of Florida, Respondent.
No. 69234.
Supreme Court of Florida.
June 11, 1987.
*336 Michael E. Allen, Public Defender, Second Judicial Circuit, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for respondent.
EHRLICH, Justice.
We have for review Scott v. State, 492 So.2d 448 (Fla. 1st DCA 1986), a sentencing guideline decision which the First District Court of Appeal certified as being in conflict with Wilson v. State, 490 So.2d 1360 (Fla. 5th DCA 1986), on the question of whether a trial court's written finding that a recommended guidelines sentence "is insufficient for retribution, deterrence, rehabilitation and for the safety of the public," 492 So.2d at 449, is a clear and convincing reason for departure. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and approve in part and disapprove in part the decision below.
The decision under review involves an appeal of a departure sentence imposed after remand for resentencing. Scott was convicted of armed robbery and armed burglary. The trial court originally departed from the recommended guidelines sentence, imposing concurrent terms of twenty-five years. The trial court gave eight written reasons for departure. In the first appeal, Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985), the district court upheld two of the reasons given for departure but because Scott's presumptive guidelines sentence had been improperly computed, the district court vacated the sentence and remanded for resentencing.
On resentencing, the trial court again departed, imposing concurrent twenty-year sentences. The trial court gave three reasons for departure (the first two of which had been upheld in the first appeal):
1. Defendant created an extreme risk to the safety of many citizens in his attempt to escape apprehension following commission of the crime.
2. The sentencing guidelines recommendation of 5 1/2 to 7 years is insufficient for retribution, deterrence, rehabilitation, and for the safety of the public.
3. Defendant's criminal history indicates that a prison term of 5 1/2 to 7 years is inadequate punishment for this defendant.
In his appeal of the resentencing departure, Scott challenged only the third reason for departure.[1] The district court properly found this reason clearly invalid under our decision in Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The district court went on to note that "there is now a conflict among the district courts over the validity of the second ground; and, in light of [Williams v. State, 492 So.2d 1308 (Fla. 1986)], we seriously question whether this ground remains valid." 492 So.2d at 449 (footnotes omitted). However, it nevertheless chose not to recede from its prior ruling on this issue but certified the apparent conflict with Wilson.
In a footnote, the district court further noted that "[t]he second reason in the case *337 sub judice represents little more than the trial court's disagreement with the recommended sentence," Id. at 449 n. 2., which was found to be an improper reason for departure in Williams v. State, 492 So.2d 1308 (hereinafter Samuel Williams), and Scurry v. State, 489 So.2d 25 (Fla. 1986). Scott urges us to accept this characterization of reason two. The state concedes that in cases such as Samuel Williams and Scurry, where there are no other valid reasons for departure, such a statement is nothing more than an expression of judicial dissatisfaction with a recommended guidelines sentence. It argues, however, that in a case such as this, where there is at least one valid reason for departure, a statement that the recommended guidelines sentence is insufficient should be looked upon as "merely qualifying" the valid reason or reasons for departure.
We have recently employed logic similar to that urged by the state in Williams v. State, 504 So.2d 392 (Fla. 1987) (hereinafter Jessie Williams). In that case the departure order, which set forth at least three clear and convincing reasons, also contained the statement that "[t]o impose the suggested sentence under sentencing guidelines would make a mockery of this court's sentencing goal." Id. at 393. Relying on our prior decision in Samuel Williams, Jessie Williams challenged this statement as being nothing more than the trial judge's expression of his general disagreement with the recommended guidelines sentence. We rejected this argument and found the statement to be an expression of his conclusion that "based upon the reasons given in this case the court's departure was justified." Id. at 394.
With our prior decisions in mind, we expressly hold that a trial court's written finding that a recommended guidelines sentence is insufficient may never serve as a reason for departure. In a case such as this, where there is at least one clear and convincing reason for departure, such a statement should be considered the trial court's written conclusion that departure is necessary based on the valid reasons given in the departure order. However, when such a pronouncement is not coupled with a clear and convincing reason or reasons it should be considered nothing more than an expression of the trial court's general disagreement with the presumptive guidelines sentence. In either case, such a statement is never a "reason" for departure.
Employing this analysis, we find the second "reason" for departure in this case to be an express statement of the trial judge's conclusion that departure is justified based on the valid reason given. Thus, we are left with one valid (reason one) and one invalid (reason three) reason for departure.
The district court below concluded that, even if our decision in State v. Mischler, 488 So.2d 523 (Fla. 1986), does not mandate reversal, which it does not,[2] reversal is required under Albritton v. State, 476 So.2d 158 (Fla. 1985), because the state has failed to show beyond a reasonable doubt that the absence of invalid reason three would not have affected the departure sentence. In light of this conclusion, we approve the reversal and remand for resentencing. However, for the reasons set forth above, we disapprove the district court's reading of Mischler and its conclusion that reason two is a clear and convincing reason for departure. Accordingly, we remand this cause for further proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Scott concedes that the creation of an extreme risk to the safety of many is a valid reason for departure. See Scurry v. State, 489 So.2d 25 (Fla. 1986); and Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984).
[2] The district court improperly construed our decision in State v. Mischler, 488 So.2d 523, as setting forth a per se reversal rule. As recently clarified in State v. Rousseau, 509 So.2d 281 (Fla. 1987), Mischler should not be read to have introduced such a standard of review into the sentencing guidelines context. The standard to be utilized when an appellate court is confronted with both valid and invalid reasons for departure is the harmless error analysis set forth in Albritton. See Casteel v. State, 498 So.2d 1249 (Fla. 1986).