RYDER, Acting Chief Judge.
Appellant appeals his conviction and sentence for manslaughter by culpable negligence. The first two points on appeal concern his conviction. We find no error in the trial court’s rulings at trial; therefore we affirm his conviction. Appellant’s final point on appeal is whether the trial court’s *359 reasons for departure from the presumptive guidelines range were clear and convincing. We hold the trial court’s departure was not supported by clear and convincing reasons; therefore appellant must be resentenced within the guidelines.
The facts of the case are stated succinctly in the trial court’s “justification for the departure”:
The jury, by its verdict, found that the defendant had placed concrete blocks and timber on Shady Hills Road. The victim swerved to avoid the debris and impacted his vehicle with a truck, which collision caused the victim’s death. The circumstances are particularly aggravating because earlier, on the same evening, the defendant participated in or at least was aware of other similar activity when a block was put in a bag and the defendant witnessed another vehicle strike a block of cement or timber or both, losing control of the automobile and sustaining a blow-out. The defendant witnessed that person fix the tire and it was subsequent to that incident that the defendant placed additional debris on the roadway. The defendant’s conduct in totality was so intrinsically permeated with extreme risk of physical injury to unsuspecting motorists that his outrageously reckless conduct justifies and requires a sentence more severe than the presumptively correct guideline sentence.
The above language does not provide sufficient justification in support of the trial court’s departure.
We cannot affirm the trial court’s sentencing guidelines departure based, as it is, on the above language. The first two sentences of the “justification for the departure” are simply a statement of the facts of the case. The third sentence states facts surrounding the offense for which appellant was neither charged nor convicted. The fourth sentence contains facts inherent in “culpable negligence.” The fifth sentence is merely a conclusory sentence and is neither “clear and convincing” nor a “reason.” Scott v. State, 508 So.2d 335 (Fla.1987) In all, the trial court has not stated any reasons upon which we can affirm the departure. We reverse and vacate appellant’s sentence and remand for resen-tencing within the guidelines.
Affirmed in part, reversed in part, and remanded for resentencing.
HALL and THREADGILL, JJ., concur.