PER CURIAM.
The appellant, Michael Arthur Helms, a/k/a McArthur Helms, challenges the sentence imposed upon him following the revocation of his probation. We find that the trial court erred in departing from the sentencing guidelines and, therefore, reverse the sentence.
In 1982, the appellant was placed on five years probation for the offense of “handling and fondling a female child under the age of fourteen years” in violation of section 800.04, Florida Statutes (1981). At a subsequent violation of probation hearing, the trial court found that the appellant had violated two conditions of his probation. The trial court, accordingly, revoked the appellant’s probation and adjudicated him guilty. Although the appellant’s guidelines scoresheet indicated a sentencing range of three and one-half years to four and one-half years imprisonment, the trial court imposed a fifteen year sentence based upon the following three written reasons for departure:
1. The psychological trauma to the victim is beyond that normally experienced.
[[Image here]]
2. The victim ... was particularly vulnerable due to her age which has resulted in great psychological injury.
[[Image here]]
*520 3. A guideline sentence would not be long enough to accomplish reasonable rehabilitation in this case....
Each of these three reasons was followed by an explanatory paragraph, apparently intended to provide supporting facts. This timely appeal followed.
The appellant contends that the trial court’s three reasons cannot justify a departure because they were not supported by the evidence. We agree. A trial court’s reasons for departure from the sentencing guidelines must be supported by facts proven beyond a reasonable doubt. State v. Mischler, 488 So.2d 523 (Fla.1986). The trial court's attempt to support its reasons with unproven allegations fails to meet this standard.
The appellant also contends that the trial court’s reasons for departure were invalid. Although the trial court’s first reason for departure would be valid if properly supported by the evidence, see State v. Rousseau, 509 So.2d 281 (Fla.1987), we find that the second and third reasons given would be invalid even if they had been supported by the evidence. See Mischler (departure cannot be based upon inherent component of crime); Scott v. State, 508 So.2d 335 (Fla.1987) (departure cannot be based upon trial court’s finding that guidelines sentence is insufficient).
Since the trial court’s reasons cannot support a departure, we reverse the appellant's sentence and remand for resentenc-ing according to the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Reversed and remanded.
SCHOONOVER, A.C.J., and LEHAN and HALL, JJ., concur.