PETERSON, Judge.
William John Strawn, Jr., appeals the imposition of departure sentences in four cases, in each of which he was charged with robbery with a firearm and in which he pled nolo contendere. Although the state recommended a guidelines sentence with at least two minimum mandatory terms, the court departed and imposed four consecutive terms of twenty-five years each with four consecutive three-year mandatory terms followed by life probation. We vacate the sentences and remand for resentencing.
The facts of this case are peculiar in that they show Strawn led an exemplary life prior to the commission of the crimes. He was fifty-four years of age, a twenty-year resident of Hillsborough County, and a twenty-year employee of the community college and director of student affairs. Married since 1955, he was the father of three grown children. He was active in community affairs, a member of the Gide-ons, and a volunteer marriage counselor. He attended church every Sunday and had never before been charged with a crime. Unfortunately, Strawn had a long history of illness due to seizure activity of the brain, in his case an illness that was physical and demonstrable. A court-appointed psychiatrist rendered an opinion that Strawn was not criminally responsible for his actions.
His life was changed on May 1, 1987, when he committed a bank robbery during which he wore a stocking mask, brandished a lever-action rifle, and ordered all present to lie on the floor. He committed two more bank robberies on September 7, 1987, and May 16, 1988. He made no death threats in the first two robberies, but in the third robbery he threatened to kill the teller if she included dye packs in the cash bag. On November 14, 1988, Strawn committed his fourth and final robbery using the same method and threat as in the third robbery, but now using a pistol. This time he was recognized through a BOLO description and was arrested.
Strawn moved for a continuance of his trial so that his medical condition could be evaluated. Following the evaluation, the court appointed experts to determine his competency for sentencing purposes. The experts found him competent but supported his assertion of a long-standing serious illness. One of the experts found that Strawn was not criminally responsible and that he was in a fugue-like dissociative state at the time of the robberies. Strawn stated to the psychiatrist that, following the first three robberies, he “woke up” in his car, discovered the money, and either burned it or threw it away. He did remember the last robbery but indicated he “was like a spectator.” The expert found that Strawn’s medical history was consistent with this description of a dissociative state.
The two issues presented for consideration are whether the trial court correctly departed from the guidelines and whether the lengthy sentences constituted cruel and unusual punishment. The trial court gave several reasons for the departure sentence:
1. Firearms were used in all the crimes.
2. More than $85,000 was taken in the robberies and remains unrecovered.
3. “[T]he recommended guidelines sentence of four years is inadequate as each felony charge carries with it a three-year minimum mandatory.... There should be no free bank robberies contemplated in our legal system.”
4. The robberies were committed some distance from defendant’s home, and each crime was carried out in a professional manner.
5. Workers and patrons were put at risk.
6. Death threats were made in several of the robberies.
7. Each crime involved the use of a mask.
The first four reasons are invalid. Reasons one and two are invalid because they are inherent components of armed robbery and cannot support departure. Reimel v. State, 532 So.2d 16 (Fla. 5th DCA 1988); rev. denied, 542 So.2d 989 (Fla.1989). Possession of a firearm is an inherent component of armed robbery. Burge *879 v. State, 496 So.2d 928 (Fla. 1st DCA 1986). Taking the property of another is also inherent in the crime of armed robbery. Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984), approved, 488 So.2d 523 (Fla.1986). Inadequacy of the guidelines, the third reason for departure, may never serve as a reason for departure. Scott v. State, 508 So.2d 335 (Fla.1987). The fourth reason, that the crimes were carried out in a professional manner, is not a valid departure reason in any case. Hernandez v. State, 575 So.2d 640 (Fla.1991).
Under the facts of this case, the fifth reason is also invalid. There are cases holding that the placement of bystanders at risk of harm during the commission of a robbery is a valid reason for departure. However, the facts surrounding those cases reveal that a defendant created a direct, substantial risk. See Dobson v. State, 566 So.2d 560 (Fla. 5th DCA 1990) (“gangland-style hit” outside public lounge while bystanders were nearby); Simpson v. State, 562 So.2d 830 (Fla. 1st DCA 1990) (wildly firing shots in an area placing nearby persons at risk); Wareham v. State, 560 So.2d 408 (Fla. 5th DCA 1990) (wildly firing shots into a crowd); Miller v. State, 549 So.2d 1106 (Fla. 2d DCA 1989) (flagrant disregard for safety of others by driving on wrong side of road and endangering numerous motorists, some of whom were forced off the road); Green v. State, 545 So.2d 359 (Fla. 2d DCA 1989) (discharge of gun in a public housing area and forcing police to defend themselves with return gunfire); Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984) (defendant firing shots wildly at police from his vehicle while being chased); cf., Whitaker v. State, 552 So.2d 306 (Fla. 5th DCA 1989) (defendant convicted, inter alia, of discharging a firearm in public).
In other cases, there was no direct, substantial risk of harm to bystanders, and the departure sentences were held invalid. Whitfield v. State, 490 So.2d 1358 (Fla. 5th DCA 1986) (Crime occurring on public street did not justify departure absent evidence that area was crowded with people or that anyone other than victim was endangered.). In the instant case, there is no evidence or allegation that Strawn created the type of risk to the safety of others that supported the departures in the cases cited. Under the circumstances of this case, therefore, the fifth reason for departure in sentencing Strawn is invalid.
The sixth reason, that threats were made, is also invalid. The only direct threat was made to a bank teller, and a threat to the life of a victim is inherent in the crime of armed robbery. The taking of money from a victim by “force, violence, assault, or putting in fear” is an inherent element of the crime of robbery. Roseman v. State, 519 So.2d 1129, 1130 (Fla. 5th DCA 1988).
The use of a mask during the robberies, the seventh reason, might be valid, but it is not in the instant case. Section 775.0845, Florida Statutes, provides for enhanced punishment when crimes are committed while using a mask. The enhancement allows imposition of a penalty that ordinarily would be imposed for a crime one degree higher. However, armed robbery is a first-degree felony for which there is no higher degree and, thus, the statute does not provide for enhancement. The state argues that, since the use of the mask is considered by the legislature to be of a nature sufficiently serious to require enhancement, it should be held valid as a reason to depart where, as here, the statute is inapplicable. However, just as use of a firearm, an enhancement factor under section 812.13(2)(a), is an invalid departure reason where the defendant has not been convicted of use of a firearm, use of mask is an invalid reason to depart where the defendant has not been convicted of using a mask. See Jennings v. State, 498 So.2d 1373 (Fla. 1st DCA 1986), and Mash v. State, 499 So.2d 35 (Fla. 1st DCA 1986). It is improper to base a departure on factors relating to an offense for which convictions are not obtained. Tyner v. State, 506 So.2d 405 (Fla.1987); Whitfield v. State, supra.
Since none of the departure reasons was valid, we vacate the sentences and remand for resentencing. We need not consider *880 the remaining issue raised by Strawn in view of the vacated departure sentence.
Sentences VACATED; REMANDED for resentencing.
HARRIS and GRIFFIN, JJ., concur.