422 So.2d 926 (1982)
The STATE of Florida, Appellant,
v.
Luis GARCIA, Appellee.
No. 80-1851.
District Court of Appeal of Florida, Third District.
November 2, 1982.
Rehearing Denied December 13, 1982.
Jim Smith, Atty. Gen., for appellant.
F. Lee Bailey, Boston, Mass., Sams, Gerstein & Ward and Richard E. Gerstein and Paul M. Rashkind, Miami, for appellee.
Before HENDRY and BASKIN, JJ., and LETTS, GAVIN K., Associate Judge.
BASKIN, Judge.
Defendant Luis Garcia sought to suppress his statement confessing to the first-degree murder of Maria Ripoll. The motion was denied and the case proceeded to trial before a jury. When the jury could not agree upon a verdict, the court declared a mistrial. Garcia filed another motion to suppress. The original judge had been transferred and a new judge was assigned to hear the case. Counsel for the state and for the defense attempted to stipulate with regard to what evidence the trial court could consider in deciding the motion to suppress. They agreed that the court should read the transcript of testimony presented at the hearing on the first motion to suppress. Garcia did not testify at that hearing. Whether the stipulation permitted the court to consider Garcia's trial testimony in addition to the suppression testimony is the subject of the dispute in this appeal. The state contends that it objected to the court reading Garcia's trial testimony whereas defense counsel points to statements in the record indicating the state agreed to the use of Garcia's trial testimony. The defense argues that it was prepared to have Garcia testify before the court but refrained from doing so because the state announced that new testimony would not be necessary.
In its order granting Garcia's motion to suppress, the trial court stated that it had considered defendant's trial testimony as *927 well as the testimony taken at the earlier hearing on the motion to suppress and that it found Garcia's testimony persuasive and credible. The state contends that the court erred in basing its determination upon the credibility of witnesses who did not appear before it.
A careful examination of the record convinces us that the parties stipulated to the review of testimony of Detective Ilhardt and polygraph examiner Jurney presented at the hearing on the first motion to suppress; we find, however, that confusion clouds the remainder of the stipulation.[1] We are unable to conclude with any degree of certainty that a stipulation permitted the court to consider Garcia's trial testimony.[2] Although a trial judge is not bound by rulings of a predecessor judge on interlocutory matters, see Tingle v. Dade County Board of County Commissioners, 245 So.2d 76 (Fla. 1971), he may not reassess the credibility determination of a predecessor judge without hearing live testimony, Louis v. Blackburn, 630 F.2d 1105 (5th Cir.1980); United States v. Bergera, 512 F.2d 391 (9th Cir.1975).
We affirm, however, because the confession was unlawfully obtained and must be suppressed. Defendant Garcia was interrogated for ten hours before and after the polygraph exam was administered. The testimony of Ilhardt and Jurney, considered by the trial court pursuant to stipulation, discloses that during the interrogation Garcia twice attempted to call his attorney but could not reach him. When Jurney asked if he wanted to continue to talk, Garcia agreed to do so. Detective Ilhardt was aware of Garcia's request for counsel. He later testified that he didn't think a lawyer would allow continued interrogation. Nevertheless, the questioning continued until Garcia confessed. After completing the statement, however, Garcia asked Ilhardt to continue investigating the case because he had not committed the murder.[3],[4]
We conclude that defendant Garcia was deprived of his constitutional right to counsel by the state's continued interrogation after he had invoked his right to counsel during a custodial interrogation. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); see Fare v. Michael C., 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979).
We therefore affirm the trial court's order suppressing the confession and remand the cause for further proceedings.
LETTS, GAVIN K., Associate Judge, dissents without opinion.
NOTES
[1] The state announced:

MR. KAHN: Judge, now, in fairness to both the Court and the Defense, the State's position will be Tuesday that his Honor, is that correct, if he so wishes to review the entire transcript and base your ruling on the transcript of the motion to suppress that was heard by Judge Hickey prior to trial.
Without any additional testimony, if there is a stipulation from the Defense that as far as reviewing the prior testimony whether it is or not, it's going to incorporate the defendant's testimony and at this time, we can prematurely stipulate to no need for live testimony.
* * * * * *
MR. KAHN: Well, I think then that I am understanding at this time from the Defense is that they are asking the Court to consider the prior trial and transcript and that it's in light of that that I am simply saying your Honor should simply view the transcript and motion to suppress and make the proper ruling.
[2] Apparently, the trial judge understood the stipulation to permit him to consider Garcia's trial testimony.
[3] Garcia's confession differs from the facts in important details. According to Garcia, the victim was naked when shot in the chest with a .32 caliber revolver during an argument before 9:30 p.m. The known facts indicate that she was shot after 10:30 p.m., not in the chest, but in the head, neck, and back with a.22 caliber automatic and was partially clothed.
[4] Our decision is based not upon defendant Garcia's testimony but upon the testimony of Ilhardt and Jurney at the original hearing on the motion to suppress. Thus, there has been no reassessment of credibility.