PER CURIAM.
The defendant was arrested on an outstanding bench warrant as a result of a traffic violation charge. He was read his Miranda rights and then advised that he was going to be interrogated in regard to an unsolved homicide. Following questioning, he gave an oral confession that he was the paid killer of the victim “drug dealer”. Subsequently, after again being advised of his Miranda rights, he gave a statement which was reduced to writing and executed by him. After he was indicted he moved to suppress the two confessions. At the hearing on the motion, after the state presented its evidence, the defendant declined the opportunity to testify and the trial court denied the motion to suppress.[1] Thereafter *1181 the matter came on for trial before a different trial judge. The motion to suppress was renewed. The second trial judge indicated that he found the statements to be voluntary based on the prior trial judge’s ruling and would leave the question of coercion as testified to by the defendant to the jury.[2]
We find no error in the first judge’s ruling on the original motion to suppress. Ross v. State, 386 So.2d 1191 (Fla.1980); State v. Williams, 434 So.2d 967 (Fla. 3d DCA 1983); State v. Delgado-Armenta, 429 So.2d 328 (Fla. 3d DCA 1983).
We also find no error in the second trial judge submitting to the jury the issue of whether the confessions were voluntarily given in light of the defendant’s testimony that they were the result of coercion and duress. McDole v. State, 283 So.2d 553 (Fla.1973); Houck v. State, 421 So.2d 1113 (Fla. 1st DCA 1982); Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967).
We have examined the other rulings urged as erroneous and find these points to be without merit. Tibbs v. State, 397 So.2d 1120 (Fla.1981); State v. Williams, supra; Davis v. State, 425 So.2d 654 (Fla. 5th DCA 1983); Compare, Tingle v. Dade County Board of County Commissioners, 245 So.2d 76 (Fla.1971); State v. Garcia, 422 So.2d 926 (Fla. 3d DCA 1982).
Therefore the verdict, judgment and sentence be and they are hereby affirmed.
Affirmed.

. "THE COURT: The Court finds that the statement heretofore entered into evidence by the state has been freely and voluntarily given.
The Court denies the motion to suppress.
MR. MCDONALD: Is the Court making a specific finding of fact as to how it arrived at this:
THE COURT: The Court finds that the answers to the questions that as a matter of fact in this Court's opinion indicates that the Defendant understood exactly what he was doing in signing.
The mere fact that some of the statements are not perhaps as counsel would or I would like them to be as clear as makes very little difference.
I’m convinced the overall statements that were given, the Defendant understood exactly what he was signing, gave it freely and voluntar *1181 ily and knew the factual basis of it. Did it freely and voluntarily.
Therefore, the motion is denied."

. "THE COURT: As to the Motion to Suppress, the Court will again adopt the previous ruling of Judge Arthur Snyder and deny the motion.
As to the issue concerning the question of sufficiency of the evidence, the Court is aware, without citations or cases that indicate that a confession alone plus the corpus delicti is sufficient to create a jury issue.
It is the viewpoint of this Court that it is strictly a question of credibility of witnesses as to whether or not to believe the confession or not.
With that statement by the Court, I consider it to be a jury issue.”