MILLS, Judge.
Gibson appeals from conviction for first degree murder and armed robbery. We affirm.
On the evening of 1 January 1983, a Navy enlisted man was shot in a downtown Jacksonville motel. He died the following morning. A second sailor was the victim of armed robbery in the same incident. The surviving sailor was the prosecution’s key witness.
Gibson’s first point on appeal is that the sailor lied to investigators as to the whereabouts of the two sailors during the evening prior to the shooting and robbery and that the prosecution was aware of the lie. The lie was revealed at trial during cross- *1347 examination by the defense. The trial court granted the defense motion for mistrial but refused to dismiss for prosecutorial misconduct, finding that the discovery violation was not intentional.
Gibson obtained review of the trial court’s finding by a writ of prohibition in this Court. The petition was denied. State ex rel. Gibson v. Olliff, 452 So.2d 110 (Fla. 1st DCA 1984).
Gibson contends that her second trial, which resulted in conviction, should have been barred by double jeopardy, alleging that prosecutorial misconduct provoked the mistrial. We disagree. We do not find intent on the part of the prosecutor to “goad” the defendant to move for a mistrial as required by Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).
Gibson next argues that a mistrial should have been granted in her second trial because the prosecution elicited testimony from the arresting officer regarding statements allegedly made by Gibson which had not been revealed to the defense. The trial court conducted an adequate inquiry in accordance with Richardson v. State, 246 So.2d 771 (Fla.1971), and denied the defense motion for mistrial. Our review of the record supports the trial court’s actions. The alleged statements did not directly relate to the crimes charged and the defendant was not prejudiced.
Gibson’s final point is that the prosecutor in closing argument expressed belief in the guilt of the defendant and in the credibility of the State’s witnesses, and as a result the trial court should have declared a mistrial. We do not find the prosecutor’s statements to be so prejudicial as to vitiate the entire trial. State v. Murray, 443 So.2d 955 (Fla.1984). The remarks objected to were primarily proper comments on the evidence and the inferences to be drawn. Gibson has not met her burden to show such prejudicial error as to require a reversal.
We would be remiss if we did not point out that the evidence of Gibson’s guilt was overwhelming.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.