496 So.2d 213 (1986)
Robin REED, Appellant,
v.
STATE of Florida, Appellee.
No. BD-104.
District Court of Appeal of Florida, First District.
October 21, 1986.
Elizabeth L. White and Wm. J. Sheppard, Law Offices of Wm. J. Sheppard, Jacksonville, for appellant.
Jim Smith, Atty. Gen. and Barbara Ann Butler, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Robin Reed appeals her convictions for first degree felony murder and robbery. We reverse the convictions and sentences and order a new trial because the trial judge erred in permitting the State to inquire into the attitude of the members of the jury panel concerning the death penalty.
The convictions arose from an incident in which appellant and another woman posed as prostitutes to lure two sailors into a situation where the women could rob them. During the robbery, the second woman, Gloria Gibson, shot and killed one of the victims. Prior to Reed's trial, Gibson was tried separately twice. The first trial ended in a mistrial as a result of discovery violations by the prosecution. In the second trial, Gibson was convicted of the same charges as Reed and sentenced to life imprisonment on the murder charge, following a jury recommendation of life. Gibson v. State, 475 So.2d 1346 (Fla. 1st DCA 1985). The same trial judge presided over the proceedings involving both defendants.
Reed was originally charged by information with second degree murder and robbery in January, 1983. On June 30, 1983, the State obtained an indictment of Ms. Reed for first degree murder and robbery. Trial did not commence until August 20, 1984. The State had nineteen months during which to prepare this case. The State *214 had twice tried the codefendant, who actually shot the victim, on the same evidence before Reed's trial began.
From the return of the indictment, the State has contended that Ms. Reed was responsible for the victim's death only on a theory of felony murder as a participant in the underlying robbery. The defendant moved to preclude death qualifying of the jury on the basis of Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). The motion was heard and denied by the trial judge on August 12, 1983. The State argued that, while it could not represent how the evidence would support consideration of the death penalty before trial, it should not be precluded from seeing what might develop during trial. The judge determined that, absent a knowledge of the facts, he could apply Enmund only at the conclusion of the trial. The defendant renewed the motion in August, 1984, just prior to trial and after Gloria Gibson, the trigger woman, had been twice tried on the same evidence and a jury had recommended life for her. Reed additionally argued that a death qualified jury is prosecution prone. The trial judge again denied the motion. We are unable to follow an additional argument of the state that denial of death qualification of the jury would somehow impede the prosecution of first degree murder.
During voir dire it came to light that some members of the jury venire were opposed to the death penalty, and they were excluded for cause upon challenge by the prosecution. The record indicates that these veniremen would otherwise have been available and qualified to sit on the jury subject to a peremptory challenge.
Enmund held that the Eighth Amendment does not permit imposition of the death penalty on one who aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be employed.
At the conclusion of the State's case-in-chief, it conceded that Enmund dictated that the death penalty was not available in this case. This occurred before the defense presented its case and before all the evidence was developed at trial. The death qualified jury was then instructed, at mid-trial, that they would no longer be concerned with the death penalty.
It strains credulity to believe that the State acted in good faith when it argued for death qualification of the jury or that the trial judge was not sufficiently apprised of the facts to exclude consideration of the death penalty before the jury selection began. However, we do not have to reach the question of bad faith as we hold, on the basis of this record, that the trial court should have excluded the imposition of the death penalty prior to jury selection.
Prior to trial, the State could not point to any facts in this case that it felt could support imposing the death penalty on Reed. This was after nineteen months between the robbery and the trial and after two separate trials of Reed's accomplice on essentially the same facts. The State's only argument was that the trial might develop facts sufficient to impose the death penalty. Yet the only facts brought out at trial, before the death penalty was withdrawn from the jury, were those from the State's case, already well-known to it before trial. Where the State could offer no basis for leaving the death penalty in this case, it was error to permit the jury to be death qualified.
Because the trial judge's error resulted in a number of otherwise qualified prospective jurors being eliminated from participation, we cannot conclude that the error was harmless. Butler v. State, 493 So.2d 451 (Fla. 1986).
Several other issues were raised by appellant. We need not address those issues in view of our grant of a new trial. The surprise recollection by one of the investigating officers of additional incriminating statements allegedly made by the defendant 20 months earlier, recalled just before the investigator was called to testify at *215 trial, can be fully explored by the defense before the new trial commences.
The judgments of conviction and sentences are REVERSED and the case is REMANDED for a new trial.
SHIVERS and ZEHMER, JJ., concur.