516 So.2d 107 (1987)
Frank BYRD, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0926.
District Court of Appeal of Florida, Fourth District.
December 9, 1987.
*108 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Diane E. Leeds, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse the order sentencing appellant outside the guidelines. On remand from this court's first consideration of this case in Byrd v. State, 503 So.2d 434 (Fla. 4th DCA 1987), the trial court justified upward departure on the fact that "[t]he offense committed by this Defendant was extremely heinous in that the victim in this case was an eighty-six (86) year old, frail, blind person."
Neither advanced age alone, Knowlton v. State, 466 So.2d 278, 280 (Fla. 4th DCA), rev. denied, 476 So.2d 675 (Fla. 1985), nor the victim's helplessness or vulnerability to criminal activity, Williams v. State, 492 So.2d 1308 (Fla. 1986), are sufficient as clear and convincing reasons for an upward departure from the guidelines sentences. But cf. Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA) (fact that victim was 86-year-old female who lived alone was valid reason for departure), remanded on other grounds, 478 So.2d 1071 (Fla. 1985).
In our view, there must be some additional element to justify departure such as the fact that the defendant stood in a position of trust with the victim, Stewart v. State, 489 So.2d 176 (Fla. 1st DCA 1986), or that the degree of suffering from physical or psychological injury was increased by reason of the advanced age, frailty or helplessness. Knowlton, 466 So.2d at 280.
Accordingly, the sentence is reversed and this cause is remanded for resentencing within the guidelines.
REVERSED AND REMANDED.
HERSEY, C.J., and ANSTEAD and DELL, JJ., concur.