PARKER, Judge.
Allen Manuel appeals the trial court’s upward departure from the recommended sentence under the guidelines. We affirm the sentences, but remand for correction of the sentencing order.
Manuel pleaded guilty to a two-count information charging separate acts of grand theft against different victims. Both counts involved a con scheme in which Manuel’s accomplice telephoned an elderly lady and told her he was investigating a dishonest bank teller at the victim’s bank. The accomplice then requested the lady’s assistance in apprehending the teller. While she was on the telephone with the accomplice, Manuel appeared at the victim’s door and asked her to accompany him to the bank to withdraw money from her account. In each case when Manuel came to accompany the victim to the bank, Manuel exhibited a badge and identified himself as a detective. One victim was eighty-five years old and lost $6,000, which she handed to Manuel and never saw again. The age of the second victim was seventy-eight years old; she lost her entire life savings of $12,000 after Manuel switched bank envelopes and gave her an envelope filled with paper while Manuel kept the envelope containing the money.
Based upon these facts, the trial court departed upward from the recommended guidelines range of five and one-half to seven years’ incarceration and imposed five years consecutive on each count for a total of ten years. The trial court entered two written reasons for departure on the score-sheet: (1) age and particular vulnerability of victims, ages 85 and 78, and (2) as to one *1369 of the victims, Manuel essentially wiped out her life savings.
The state concedes and we agree that the second reason for departure, that of economic hardship sustained by one of the victims, is not a proper ground to support departure from the sentencing guidelines. See Hankey v. State, 485 So.2d 827 (Fla.1986).
As to the first reason for departure, this court has held that a victim’s age and vulnerability are not proper reasons to deviate from the recommended guidelines sentence. LeFresne v. State, 526 So.2d 176 (Fla. 2d DCA 1988). The fourth district has recognized, however, that the advanced age of the victim plus some additional element, such as the fact that the defendant stood in a position of trust with the victims, will justify such departure. Byrd v. State, 516 So.2d 107 (Fla. 4th DCA 1987). In the case at hand, Manuel exhibited a badge and identified himself as a detective requesting aid from a citizen to investigate a dishonest bank teller. We hold that Manuel’s actions in producing a badge and representing himself to be a law enforcement officer when coupled with the advanced ages of the victims establish a valid basis to uphold the instant departure, since by that conduct Manuel was placed squarely in a position of trust with the victims. See Byrd.
Because this case precedes the change in the statute[1] which permits an affirmance if any reason listed by the trial court is valid to sustain a departure, we must follow Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984). Applying the Albritton standard, we conclude that based upon the record in this case, the state has demonstrated beyond a reasonable doubt that Judge Menendez would have imposed the same sentence without considering any other departure reason than the age and vulnerability of the victims.[2] See Albritton; Ochoa v. State, 476 So.2d 1348 (Fla. 2d DCA 1985).
Finally, we acknowledge an error which appears on the face of the sentencing order on count one. That order reflects that the sentence imposed on count one is to run concurrently with the sentence for count two. This is clearly inconsistent with the trial court’s pronouncement at the sentencing hearing. We, therefore, remand for the trial court to rectify this error, without the need for the defendant to be present for this correction.
SCHEB, A.C.J., and PATTERSON, J., concur.

. Section 921.001(5), Florida Statutes (1987), effective July 1, 1987, in pertinent part, provides: When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.

. At the sentencing hearing, Judge Menendez stated:
Perhaps in this particular case if there was a harsher sentence I could impose upon you, I would. Public flogging, I think, would be an appropriate one, but since that would be cruel and unusual we'll do without it.