COBB, Judge.
The petitioner, William Frederick Happ, seeks a writ of prohibition contending that his prospective retrial on charges of murder, burglary, kidnapping and sexual battery is barred on the ground of double jeopardy. See Parce v. Byrd, 533 So.2d 812 (Fla. 5th DCA 1988); Perkins v. Williams, 424 So.2d 990 (Fla. 5th DCA 1983).
Prior to Happ’s first trial in January, 1989, the trial judge, Judge Thurman, entered an order in limine which provided, inter alia, that
The State and all witnesses in the case shall not mention, refer to, interrogate concerning or attempt to convey to the jury, in any manner whatsoever, either by testimony, inference, directly or indirectly, any of [the Defendant’s prior criminal conviction record except for proper impeachment purposes] without first obtaining permission of the Court, outside of the presence of hearing of the jury-
The prosecutor expressly indicated his understanding of the order, and his intent to proffer any such evidence outside the presence of the jury. Nevertheless, during the course of trial, the prosecutor asked a defense witness on cross-examination if she knew the defendant had previously committed armed robbery. Judge Thurman thereupon granted a defense motion for mistrial and told the prosecutor: “It is clear, I think, you wanted a mistrial and you did it deliberate. I’ll declare a mistrial.”
The mistrial occurred on January 25, 1989. Five days later, on January 30,1989, the petitioner filed a motion to dismiss alleging that any retrial of the cause was barred on the ground of double jeopardy. In the intervening five-day period between the mistrial and the filing of the motion to dismiss, Judge Thurman recused himself; Judge Lockett was then assigned to handle the case. After an evidentiary hearing on the motion to dismiss, Judge Lockett denied it in an order which stated:
1. Reasonable attorneys and reasonable trial court judges could disagree as to the propriety of the question concerning the defendant’s prior criminal conviction being propounded to the defense witness in the context in which it was presented.
2. Given the conclusion contained in paragraph # 1, the court cannot find that by asking the question the state attorney intentionally engaged in conduct designed to provoke a mistrial or that his conduct rose to the level of gross negligence sufficient to provoke a mistrial.
Accordingly, it is ORDERED AND ADJUDGED that the defense Motion to Dismiss is hereby denied. This court specifically finds that a retrial of the defendant is not barred by the concept of double jeopardy.
The determinative issue, as we see it, is the finality which we must accord to the statement by the predecessor judge, Judge Thurman, that the action by the prosecutor was a deliberate effort to obtain a mistrial. If the successor judge is bound by that “finding,” then retrial is barred. See Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); Duncan v. State, 525 So.2d 938 (Fla. 3d DCA 1988). As pointed out by the Third District in Duncan, a motion by the defendant for a mistrial would not ordinarily bar a retrial, even where the motion is necessitated by prosecutorial error; however, there is a narrow exception to the general rule:
Where a mistrial consented to by the defendant is based on bad faith prosecu-torial or trial court misconduct intentionally designed to provoke a mistrial, the *1283 state is barred by double jeopardy from ever retrying the defendant for the same crime.
Duncan at 941, quoting from State v. Iglesias, 374 So.2d 1060, 1062 (Fla. 3d DCA 1979). This exception is explained in Oregon v. Kennedy as follows:
The rationale for the exception to the general rule permitting retrial after a mistrial declared with the defendant’s consent is illustrated by the situation in which the prosecutor commits prejudicial error with the intent to provoke a mistrial. In this situation the defendant’s choice to continue the tainted proceeding or to abort the proceeding and begin anew is inadequate to protect his double jeopardy interests. For, absent a bar to reprosecution, the defendant would simply play into the prosecutor’s hands by moving for a mistrial. The defendant’s other option — to continue the tainted proceeding — would be no option at all if, as we might expect given the prosecutor’s intent, the prosecutorial error has virtually guaranteed conviction. There is no room in the balance of competing interests for this type of manipulation of the mistrial device. Or to put it another way, whereas we tolerate some incidental infringement upon a defendant’s double jeopardy interests for the sake of society’s interest in obtaining a verdict of guilt or innocence, when the prosecutor seeks to obtain an advantage by intentionally subverting double jeopardy interests, the balance invariably tips in favor of a bar to reprosecution.
Oregon v. Kennedy, 456 U.S. at 686, 102 S.Ct. at 2095, 72 L.Ed.2d at 431 (Stevens, J., concurring).
The relationship between predecessor and successor judges is discussed at some length in Groover v. Walker, 88 So.2d 312 (Fla.1956).[1] Therein, it was held that Florida follows the general proposition that a successor judge may not review and reverse on the merits and on the same facts the final orders and discretionary rulings of his predecessor, absent special circumstances such as mistake or fraud upon the court. The issue is frequently presented by motions for rehearing presented to a different judge than the one who entered the final order sought to be reheard. As observed in Groover, however, “the rule would appear to be otherwise with respect to interlocutory orders or decrees.” Gro-over at 314.
In the instant case, Judge Thurman’s observation that the prosecutor intentionally caused a mistrial, even if considered a finding of fact, cannot be elevated to the status of a final order with greater stature or dimension than an interlocutory order. Judge Thurman’s finding, if it was such, was not necessary in order to support his grant of a mistrial and it was never reduced to a final order of dismissal of the charges against Happ, since Judge Thurman left the case before such dismissal was sought by the defense.
We agree with the petitioner that Judge Lockett erred in concluding that it was “reasonable” for the prosecutor to pose the question which triggered the mistrial originally. The question was clearly improper and Judge Thurman so held at the time. That determination was final and could not be revisited by Judge Lockett. Nevertheless, the second paragraph of Judge Lock-ett’s order constitutes a determination that the question by the state attorney in the first trial was not intentionally designed to provoke a mistrial. This latter issue was properly before Judge Lockett by virtue of the defense motion to dismiss filed on January 30, 1989. Although it appears that Judge Thurman may well have made a different legal determination had this matter been presented to him, we cannot find that Judge Lockett’s denial of the motion to dismiss lacks record support. The trial prosecutor testified at the evidentiary hear *1284 ing held on the motion to dismiss that his offending question was motivated by his conception of the law of impeachment rather than an intent to provoke a mistrial. That testimony apparently was credited by Judge Lockett, which was his prerogative.
Accordingly, we deny the petition for writ of prohibition.
COWART and GOSHORN, JJ., concur.

. Other cases relative to this issue are: Lawyers Co-operative Pub. Co. v. Williams, 149 Fla. 390, 5 So.2d 871 (1942); Blitch v. Owens, 519 So.2d 704 (Fla. 2d DCA 1988); Doane v. Rapp, 453 So.2d 1197 (Fla. 3d DCA 1984); Boeing Co. v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981), review denied, 412 So.2d 468 (Fla.1982); City of Miami Beach v. Chadderton, 306 So.2d 558 (Fla. 3d DCA), cause dismissed sua sponte, 312 So.2d 757 (Fla.1975); and Balfe v. Gulf Oil Company Latin America, 279 So.2d 94 (Fla. 3d DCA 1973).