622 So.2d 1084 (1993)
Ricardo RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2598.
District Court of Appeal of Florida, Fourth District.
August 4, 1993.
Rehearing Denied September 23, 1993.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
Following a mistrial, Appellant entered a plea of "no contest" to counts II and III of the information and a plea of "guilty" to count I. Incident to all pleas, the trial court allowed Appellant to reserve the right to appeal the court's rejection of his double jeopardy claims.
The mistrial and resulting double jeopardy claim were based on the state's questioning of a witness which elicited answers alluding to Appellant's prior conduct, an area of questioning barred by a prior order in limine. Appellant asserts that this was intentional misconduct. However, the trial court made no such finding. The trial court's decision is supported by the record. Additionally, we note that the defense (as counsel acknowledged at trial) did not contend that the state intentionally sought an improper response from the witness. Finding no error or abuse of discretion in the court's denial of Appellant's motion to dismiss, we affirm. See Fuente v. State, 549 So.2d 652 (Fla. 1989). See also Sapp v. State, 411 So.2d 363 (Fla. 4th DCA 1982).
Appellant also contends that he is entitled to withdraw his guilty plea as to count I because the trial court erred by allowing him to reserve the right to appeal the double jeopardy issue as to a count to which he pled "guilty" rather than "no contest." The state does not dispute Appellant's argument that only issues reserved incident to a plea of no contest may be preserved for appeal. See Robinson v. State, 373 So.2d 898 (Fla. 1979); Newbold v. State, 521 So.2d 279 (Fla. 2d DCA 1988); Fla.R.App.P. 9.140(b); Fla.R.Crim.P. 3.172(c)(4); § 924.06(3), Fla. Stat. (1991). Florida Rule of Appellate Procedure 9.140(b)(1) provides:

*1085 A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularity the point of law being reserved.
Notwithstanding the state's concession that the court erred by allowing the double jeopardy issue to be preserved for appeal as to count I, we decline to reverse on this basis because the identical issue, the jeopardy claim, applicable to all three counts, was properly preserved for our review as to counts II and III and we have affirmed as to that issue. To allow Appellant to withdraw his plea as to the one count while resolving the identical issue as to the other two counts under these circumstances would truly place form over substance.
Therefore, the judgment and sentence are affirmed as to both counts.
POLEN, J., and OWEN, WILLIAM C. Jr., Senior Judge, concur.