664 So.2d 1118 (1995)
Patricia TACCARIELLO, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1599.
District Court of Appeal of Florida, Fourth District.
December 13, 1995.
*1119 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michelle A. Konig, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Patricia Taccariello, appeals a guidelines departure sentence imposed after guilty pleas in each of two consolidated cases. We reverse and remand.
In each case, appellant pled guilty to grand theft in violation of sections 812.014(1), (2)(b) and (c), Florida Statutes, organized scheme to defraud in violation of section 817.034(4)(a)(2), Florida Statutes, and exploitation of the elderly in violation of section 415.111(5), Florida Statutes (1991). The cases were consolidated for sentencing purposes.
*1120 Appellant scored a total of forty-nine points on her sentencing guidelines scoresheet, which placed her within a recommended sentencing range of community control or twelve to thirty months in prison, and a permitted range of non-state sanctions to three and one-half years in prison. The state sought an upward departure from the guidelines. Appellant submitted an alternative sentencing proposal and, in support thereof, called witnesses who testified in detail about appellant's background, her drug addiction, the treatment she was undergoing, and the progress she had made. The sentencing proposal urged that appellant be sentenced to a term of ten years' probation with a number of special conditions, including restitution to the victims.
At the sentencing hearing, considerable testimony was taken from witnesses for the state as well as for the defense. Witnesses for the state testified that both victims trusted appellant. A representative of the Department of Health and Rehabilitative Services (HRS) testified that elderly people are more vulnerable than younger people to physical and psychological injury or abuse and are more susceptible to being taken advantage of. The HRS witness testified that the victims' injuries in this case were typical of elderly abuse victims.
After considering all of the aggravating and mitigating factors, the trial court adjudicated appellant guilty of all charges, entered an order of upward departure, and sentenced appellant to a term of five years' imprisonment followed by ten years' probation. The court found "clear and convincing reasons to depart from the sentencing guidelines" and recited the following reasons:
1. The victims' degree of suffering from physical or psychological injury was increased by reason of their advanced ages, frailty or helplessness which combination thereof made the victim particularly vulnerable. Byrd v. State, 516 So.2d 107 (Fla. 4th DCA 1987).
2. The defendant stood in a position of trust with the victims and breached that trust by committing the acts described in the information and probable cause affidavits. Id.

3. The defendant's actions were premeditated as evidenced by the preparation and length of the criminal conduct. Treadway v. State, 534 So.2d 825 (Fla. 4th DCA 1988).
The court's order was clear that all of the stated reasons for departure were found to be present.
On appeal, appellant claims that (1) the trial court's reasons for departure are invalid; (2) the convictions for both grand theft and fraud violate double jeopardy prohibitions; and (3) section 415.111, Florida Statutes (1991), is unconstitutional. We find that appellant's conviction under section 415.111(5), Florida Statutes (1991), requires reversal based upon the supreme court's holding that that statute is unconstitutionally vague. See Cuda v. State, 639 So.2d 22 (Fla. 1994). The fact that appellant did not raise the issue of the constitutionality of the statute below does not preclude our addressing this issue on appeal. In Trushin v. State, 425 So.2d 1126 (Fla. 1982), the Florida Supreme Court held as follows:
The facial validity of a statute, including an assertion that the statute is infirm because of overbreadth, can be raised for the first time on appeal even though prudence dictates that it be presented at the trial court level to assure that it will not be considered waived... . Once an appellate court has jurisdiction it may, if it finds it necessary to do so, consider any item that may affect the case.
Given that the statute was declared facially unconstitutional and that the constitutionality issue may be raised for the first time on appeal, the only remaining issue is whether appellant, having pled guilty, has waived the right to appeal. Because appellant's conviction was predicated on a facially unconstitutional statute and because a facially unconstitutional statute creates no subject matter jurisdiction pursuant to which a court may convict an accused, application of an unconstitutional statute constitutes fundamental error which can be raised for the first time on appeal, even after a guilty plea. Alexander v. State, 450 So.2d 1212 (Fla. 4th DCA 1984). We are therefore compelled to reverse appellant's convictions for exploitation *1121 of the elderly pursuant to section 415.111, Florida Statutes (1991).
While we are reversing based upon the unconstitutionality issue, we nevertheless address appellant's remaining two points since this case will be remanded for resentencing on the grand theft and organized scheme to defraud counts. There must be clear and convincing reasons to warrant departures from the sentencing guidelines range. State v. Mischler, 488 So.2d 523, 525 (Fla. 1986), clarified on other grounds, State v. Rousseau, 509 So.2d 281 (Fla. 1987). In Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983), the court enunciated the following definition of "clear and convincing":
"Clear and convincing reasons" require that the facts supporting the reasons be credible and proven beyond a reasonable doubt. The reasons themselves must be of such weight as to produce in the mind of the judge a firm belief or conviction, without hesitancy, that departure is warranted.
Id. at 525. Guided by Mischler, we hold in the instant case that two of the trial court's reasons for departure, namely age-related vulnerability and breach of trust, are valid, but hold that premeditation does not justify departure in this case.
This court has previously held that "[n]either advanced age alone, ... nor the victim's helplessness or vulnerability to criminal activity, ... are sufficient as clear and convincing reasons for an upward departure from the guidelines sentences." Byrd v. State, 516 So.2d 107, 108 (Fla. 4th DCA 1987). However, when coupled with additional elements, such as the fact that the defendant stood in a position of trust with the victim, or that the degree of suffering from physical injury was increased by reason of advanced age, frailty or helplessness, departure is justified. Id. The supreme court tacitly approved Byrd in Wemett v. State, 567 So.2d 882 (Fla. 1990), when it stated the following:
It may be possible for a trial court to combine age-related vulnerability with other substantial factors to establish a clear and convincing reason for departure if those factors together, proved beyond a reasonable doubt, show that the defendant was peculiarly dangerous, or that the criminal act was extraordinary or egregious.
Id. at 887.
In the present case, we find that there was proof beyond a reasonable doubt that appellant's criminal acts were both extraordinary and egregious, as required by Wemett. The record shows that over a period of time, appellant cultivated the trust of her two victims, one a seventy-three-year-old partially paralyzed woman, and the other an eighty-three-year-old woman with heart and lung problems. Because of their conditions, both women came to be physically and emotionally dependent on appellant. Gradually, appellant manipulated the women into withdrawing money and hiding it in their homes or opening joint accounts with appellant. Appellant repaid the women's trust by stealing thousands of dollars. We find this behavior to be egregious and therefore affirm the trial court's departure based on the combination of age-related vulnerability and breach of trust.
We hold that departure based on premeditation will not justify departure in either grand theft or organized scheme to defraud cases. With respect to organized scheme to defraud, it is clear that the statutory definition expressly contemplates premeditation.
"Scheme to defraud" means a systematic, ongoing course of conduct with intent to defraud one or more persons, or with intent to obtain property from one or more persons by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a false act.
§ 817.034(3)(d), Fla. Stat. (1993) (emphasis supplied). Based on the definition, premeditation is an inherent component of the crime of scheme to defraud and has already been considered in calculating the guideline scoresheet. Therefore, premeditation cannot be used to justify departure in sentencing for organized scheme to defraud. State v. Mischler, 488 So.2d 523 (Fla. 1986); Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Similarly, we hold that premeditation is inherent in the crime of theft and is also an invalid reason for departure in the instant case. Moening v. State, 615 So.2d 791 (Fla. 5th DCA 1993).
*1122 Finally, we address appellant's contention that her convictions of both grand theft and fraud violate double jeopardy prohibitions. We find that, having entered a guilty plea without making an express reservation of the right to appeal, appellant has waived her right to a direct appeal of this matter. Rodriguez v. State, 622 So.2d 1084 (Fla. 4th DCA 1993); Ford v. State, 556 So.2d 483 (Fla. 2d DCA 1990).
We therefore reverse and remand with directions that the trial court dismiss the charges brought against appellant pursuant to section 415.111, Florida Statutes (1991), and resentence accordingly.
REVERSED and REMANDED.
GUNTHER, C.J., concurs.
PARIENTE, J., concurs in part and dissents in part with opinion.
PARIENTE, Judge, concurring in part, dissenting in part.
I concur with the majority opinion except that I respectfully dissent from the majority's anticipatory conclusion that upon resentencing advanced age and breach of trust would constitute clear and convincing reasons for upward departure.
As the majority recognizes by rejecting premeditation as a reason to justify departure in this case, a trial court may not base departure on reasons inherent in the crime. The majority relies on a combination of age-related vulnerability and breach of trust to uphold the trial court's upward departure sentence in this case. However, in my opinion, neither breach of trust nor age-related vulnerability nor a combination of the two can be a valid reason for departure in this case.
In State v. Mischler, 488 So.2d 523 (Fla. 1986), clarified on other grounds, State v. Rousseau, 509 So.2d 281 (Fla. 1987), superseded by statute on other grounds, Felts v. State, 537 So.2d 995 (Fla. 1st DCA 1988), decision approved, 549 So.2d 1373 (Fla. 1989), our supreme court specifically rejected breach of a fiduciary relationship as a reason justifying departure in cases involving the crime of grand theft. Our supreme court reasoned as follows:
The trial court cited the fiduciary relationship between Mischler and her employer as a clear and convincing reason to justify departure. Mischler was charged and convicted of grand theft under section 812.014, Florida Statutes (1981), the omnibus theft statute, which incorporates into its terms the former separate offense of embezzlement. See Martin v. State, 379 So.2d 179 (Fla. 1st DCA 1980). Embezzlement is broadly defined as the fraudulent appropriation of another's property by a person to whom it has been entrusted or into whose hands it has lawfully come. 29A C.J.S. Embezzlement § 1 (1965). Therefore, the special relationship between the defendant and her employer is an inherent component of the crime for which she was convicted and cannot be used to justify departure. Further, as noted below, "[w]ere we to uphold a departure from the guidelines in this case, it would serve as authority to do the same in most instances of embezzlement, a result obviously not intended when the guidelines were conceived." [Mischler v. State] 458 So.2d 37 at 40 [(Fla. 1984)]. Moreover, if the sentencing commission had intended to impose a harsher sentence on those convicted of embezzlement as opposed to theft it would have placed embezzlement in a different category than theft for purposes of establishing a score under the sentencing guidelines.
Mischler, 488 So.2d at 525-26. Because defendant in this case was convicted of grand theft pursuant to section 812.014(1), (2)(c), similar to the defendant in Mischler, the position of trust which she held with the victims would not justify departure since it is an inherent component of that crime. Likewise, gaining a position of trust would be common to most organized schemes to defraud and thus would not constitute a valid reason for departure. As stated in Cumbie v. State, 574 So.2d 1074 (Fla. 1991), a factor should not be approved as a valid reason for departure if it routinely will authorize departure sentences.
The majority cites to Byrd v. State, 516 So.2d 107 (Fla. 4th DCA 1987), as providing *1123 authority for departure based on a combination of age-related vulnerability and breach of trust. However, the crime in Byrd was robbery which does not include breach of trust as an inherent element.
If breach of trust and premeditation are improper departure reasons in this case, age-related vulnerability alone cannot justify departure pursuant to Wemett v. State, 567 So.2d 882 (Fla. 1990). As the supreme court explained in Wemett:
Were we to allow the departure here based solely on age-related vulnerability, virtually every defendant who assaults an elderly person or a child would qualify for a departure sentence regardless of the nature or severity of the offense. These crimes are reprehensible, but such a rule would defeat the purpose and spirit of the guidelines. It may be possible for a trial court to combine age-related vulnerability with other substantial factors to establish a clear and convincing reason for departure if those factors together, proved beyond a reasonable doubt, show that the defendant was peculiarly dangerous, or the criminal act was extraordinary or egregious.
In addition, I would not think that age-related vulnerability could be considered because it was an inherent element of the crime of exploitation of the elderly. Although this statute has since been declared unconstitutional, if age-related vulnerability could not have constituted a valid departure reason at the time of the original sentencing, it would be improper to allow the trial court to consider it as a reason upon remand to allow imposition of a harsher sentence.
While I deplore defendant's actions, the essence of the crime is that she took money from the victims by non-violent fraudulent acts. It was undoubtedly a great shock for the victims to learn that defendant had been abusing her position of trust, but I do not see how this makes her actions "extraordinary or egregious" under the standard set forth in Wemett. To allow departure based on inherent components of a crime or elements common to most similar crimes would "sanction an arbitrary and case-to-case sentencing based on identical acts and thus frustrate the guidelines purpose." State v. Rousseau, 509 So.2d 281 (Fla. 1987). As stated in Wemett:
The general rule in sentencing is to sentence within the guidelines; departure from the guidelines is the exception to the rule. See, e.g., Williams v. State, 492 So.2d 1308, 1309 (Fla. 1986). The exception of upward departure is intended to apply when extraordinary circumstances exist to "reasonably justify aggravating ... the sentence." Fla.R.Crim.P. 3.701(d)(11). See, e.g., State v. McCall, 524 So.2d 663, 665 (Fla. 1988); Hall v. State, 517 So.2d 692, 694-95 (Fla. 1988); Vanover v. State, 498 So.2d 899, 900-01 (Fla. 1986). It necessarily follows that a departure cannot be based on factors common to nearly all victims of similar crimes. Otherwise, the exception would swallow the rule.
Wemett, 567 So.2d at 886.
For all of the above reasons, I would reverse and remand for resentencing within the guidelines.