SHAHOOD, Judge.
In appellant’s direct appeal of her conviction and sentence, see Taccariello v. State, 664 So.2d 1118 (Fla. 4th DCA 1995), we reversed the convictions for exploitation of the elderly pursuant to section 415.111, Flori *232 da Statutes (1991)[1], and remanded with directions that the trial court dismiss the charges based on that statute, and resen-tence her on the remaining charges. On remand, the trial court dismissed the appropriate counts, and reimposed the original departure sentence, suspending the remainder of appellant’s prison term and placing her on ten years’ probation.
The issue which we consider on this appeal by appellant of her sentence after remand is whether, upon resentencing appellant, the successor trial judge was required to provide contemporaneous written reasons for the departure even though the prior trial judge had done so upon sentencing appellant the first time and the successor judge indicated an intent to reimpose the original sentence.
When appellant was originally sentenced, the trial court entered a departure sentence of five years in prison followed by ten years on probation. As reasons for the departure the court cited the victims’ increased degree of suffering, the fact that appellant held a position of trust and breached same, and the premeditated nature of the offenses. On appeal, we approved departure based on the combination of age-related vulnerability and breach of trust, but held that premeditation was an invalid departure reason. Taccariello, 664 So.2d at 1121.
On remand, appellant was before a different trial judge who stated that she respected the prior judge’s decisions and was therefore reimposing the original sentence. The successor trial judge orally re-pronounced the terms of appellant’s probation, but failed to orally pronounce reasons for the departure sentence. In addition, it is not clear from the record that the trial judge provided contemporaneous written reasons.
The purpose of requiring trial judges to articulate clear and convincing reasons for departure is to assure effective appellate review. See Boynton v. State, 473 So.2d 703 (Fla. 4th DCA), approved, 478 So.2d 351 (Fla.1985). Under the circumstances in this case, we hold that, despite the successor judge’s expressed intent to impose the original sentence, it was error not to recite or provide written reasons for the departure. On review, it is impossible for this court to determine whether the departure sentence on remand was based on all three of the original reasons, including the invalid reason of premeditation, or whether it was based on only the two remaining, valid reasons.
Based on the trial court’s failure to provide written contemporaneous reasons for the departure sentence, this court is compelled to reverse and remand for resentenc-ing with no possibility of departure from the guidelines. See Pope v. State, 561 So.2d 554 (Fla.1990). On remand, the trial court is also directed to enter a written judgment of dismissal dismissing the charges for exploitation of the elderly (count III in ease number 93-12463-CF and count IV in case number 93-8860-CF).
REVERSED AND REMANDED.
GUNTHER, C.J., and KLEIN, JJ„ concur.

. See Cuda v. State, 639 So.2d 22 (Fla.1994)(holding that section 415.11, Florida Statutes (1991), is unconstitutionally vague).