WARNER, C.J.
The State of Florida appeals from a final order dismissing the case against appellee, Vincent Balezos, on the ground that the successor judge abused his discretion in granting a motion to dismiss with prejudice based on the principle of double jeopardy. We reverse.
On May 28, 1998, Balezos became involved in a physical altercation with his roommate, David Stein (the victim). During the incident Balezos struck the victim in the face and choked him until he passed out. As a result of the incident, Balezos was charged with felony battery.
At trial, the victim testified that on May 28, 1998, he got in a verbal fight with Balezos. Later in the' night, while the victim was sleeping, Balezos entered his room and was going through his things. According to the victim, Balezos was looking for money. The following discussion then took place:
STATE: Why was he looking in your room for money?
VICTIM: Because my job entailed working at the airport. I was paid an hourly rate, plus assisting the customers with their luggage and everything else, they would tip me, so I always came home with cash in my pocket, which I always had to hide.
STATE: Why would you have to hide it?
VICTIM: Because he would take the money and spend it on drugs.
At this point, the defense objected and the following conversation took place between the defense attorney, the prosecutor and the judge:
COURT: Mr. Alitowski [prosecutor], did you know that was going to be the answer?
STATE: It was possible that might be the answer, yes, Judge.
COURT: All right.
[[Image here]]
DEFENSE: At this time the defense would move for a mistrial. The statement my client was on drugs, is not relevant, and it’s highly prejudicial. I would also request it be with prejudice.
COURT: Mr. Alitowski, I can’t believe that you would ask a question knowing the response was going to be that he was getting the money, “he” being the defendant who was accused of a crime in this case, to purchase drugs. That’s very prejudicial.
STATE: May I respond?
COURT: I’m waiting for you to do so. STATE: Judge, I didn’t think of it that way, in light of the fact that the defendant had so much prior contact with the victim, had done this before, the victim knew that’s why he was doing that. I established a clear pattern that the defendant had no source of income, was only using it for that, and so if I could tie in the fact that for whatever reasons he wasn’t getting supplied his money and that made him mad, so he couldn’t get drugs, I thought it was a correct correlation into the two.
COURT: There may be a correlation, but do you understand that an accused who [sic] has an absolute right to remain silent, and the fact somebody comes in and says the person is a drug user, and was only in there possibly committing a crime, that’s theft, for the sole reason of getting drugs? How is that relevant in this case of felony battery unless you are going to say there’s a defense that the defendant was intoxicated, or on drugs at the time? And that’s not the defense in this case.
STATE: Judge, I don’t know that, and so—
COURT: But you can’t elicit prejudicial testimony from a witness. It imputes on the character of the defendant. His character is not in issue at this point. STATE: I understand that.
*821 COURT: He hasn’t taken the stand.
STATE: Judge, having reviewed this ease, knowing, or thinking the in’s or out’s, or what the defenses might be and what the state wanted to show, the state did not feel that would be so highly prejudicial in light of the fact that if he were to take the stand, what was he— all of a sudden, as one of the defense is money for sex, what was he going to do with that money? He wasn’t going to pay the rent with that money.
COURT: Mr. Alitowski, you are missing it. In a criminal case you can’t bring out evidence, or testimony showing bad character of the defendant.... This is not inadvertent blurting out by a witness. You elicited a statement from a witness knowing it’s going to cast dispersion, or bad light on the defendant, solely for the purpose to show he didn’t work and he’s a drug user....
[[Image here]]
The only reason I think you asked that question, was to cast a bad light on this gentleman Mr. Balezos, who is a defendant, but he’s entitled to a fair trial.... I’m going to give you some time, ‘cause I’m inclined to grant the motion for a mistrial, Mr. Alitowski, and based upon your prior arguments made to this court, I think you were trying to force a mistrial based upon adverse rulings that this court has made in regard to jury selection; the issue that came up with Mr. Micsa saying he didn’t want to be removed and the court said basically I was going to sustain your objection, you know, to the defense argument. I was going to remove him. He was not going to be seated, but I told you I was just going to back it up with the case law, and I can’t help but think that you did this willfully, and it’s an intentional act on your part. I hope I’m wrong.
The judge asked the prosecutor how long he had been practicing law and how many trials he had handled. The prosecutor responded that he had been an attorney since 1995 and tried fourteen cases.
After additional discussion, in which it was clear that the prosecutor did not understand the problem with the testimony at issue, the discussion continued:
COURT: The reason I ask these questions [about membership in the bar], Mr. Alitowski, is for me to make the 'decision whether or not what you did was just willful, or just plain out prosecutorial misconduct as opposed to relative novice or inexperience as a trial lawyer, ‘cause that goes a long way with whether or not this case gets retried, which there’s no doubt I’m going to grant the motion for a mistrial....
I’m not going to go as far as to say you did this in an attempt to start all over again, even though, this record could certainly read [sic] I can justify an order of granting a mistrial with prejudice in this case forever prohibiting you from trying Mr. Balezos, again. I certainly could probably make a record, but I don’t think I have to go that far, Mr. Alitowski, ‘cause I’m finding that you just don’t get it. All right?
... [i]f this happens again in the future, I’ll enter a written order you can not try cases solo in this Division. You will not be able to try them alone. You’ll have to have co-counsel who’s more experienced ....
[[Image here]]
... The motion for mistrial is granted. However, the defense request is I do so with prejudice, and it’s not borne out by this record, and I’m not going to find Mr. Alitowski engaged in prosecutorial misconduct that rises to the level that I should dismiss and grant the request for a mistrial and not give the state an opportunity for retrial.
(Emphasis supplied).
Soon after the mistrial was granted the defense moved to dismiss the case on grounds of double jeopardy. The motion claimed that because of various pretrial rulings against the state, the prosecutor purposefully elicited testimony that would *822 result in a mistrial. According to the defense, the state engaged in prosecutorial misconduct, which warranted the dismissal of the charges on double jeopardy grounds.
A hearing on the motion to dismiss was held by a successor judge. The defense argued that it disagreed with the original judge’s finding that the state did not engage in prosecutorial misconduct. At some point during the discussion the court stated, “[t]he mistrial was granted. I don’t care what she [previous judge] says after that, it doesn’t make any difference. I think jeopardy attaches.” Later, the judge granted the motion to dismiss with prejudice on the ground of double jeopardy. This appeal followed.
The sole issue on appeal is whether the successor judge erred in dismissing the case against Balezos. A trial court’s decision to grant a motion to dismiss will not be reversed absent an abuse of discretion. See Rodriguez v. State, 622 So.2d 1084, 1084 (Fla. 4th DCA 1993). The state admits that a mistrial was properly granted at the original trial due to the introduction of collateral crimes but argues that the successor judge erred in finding that double jeopardy prevented a retrial.
Contrary to the sentiment of the successor judge in this case, the granting of a motion for a mistrial made by the defense ordinarily does not bar a retrial, even where the error was due to action of the state. See Fuente v. State, 549 So.2d 652, 657-58 (Fla.1989); see also Oregon v. Kennedy, 456 U.S. 667, 672, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). However, there is a narrow exception to this rule where if it can be shown that the prosecution’s “conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial,” double jeopardy will attach and bar another trial. Kennedy, 456 U.S. at 679, 102 S.Ct. 2083. The court explained further:
a standard that examines the intent of the prosecutor, though certainly not entirely free from practical difficulties, is a manageable standard to apply. It merely calls for the court to make a finding of fact. Inferring the existence or nonexistence of intent from objective facts and circumstances is a familiar process in our criminal justice system.
Id. at 676, 102 S.Ct. 2083. In the present ease, after a period of reflection, the original judge did not find prosecutorial misconduct and specifically stated so on the record. However, the subsequent judge disagreed and found there was misconduct, resulting in application of double jeopardy to prevent further prosecution. The state contends that this was error.
Happ v. Lockett, 543 So.2d 1281 (Fla. 5th DCA 1989), presents a similar, but reverse, situation as is present in this case. Happ sought a writ of prohibition arguing that his retrial was barred on grounds of double jeopardy. Prior to his first trial, the judge entered an order in limine forbidding any evidence of prior convictions, except for purposes of impeachment. During the course of the trial the prosecutor asked a witness on cross-examination if she knew whether the defendant had previously committed a robbery. Upon granting the defense motion for mistrial the court told the prosecutor: “ ‘[i]t is clear, I think, you wanted a mistrial and you did it deliberate [sic].’ ” A few days later the defendant moved to dismiss the case on grounds of double jeopardy. A successor judge heard the motion in which the prosecutor gave testimony to the court on the issue. After hearing the evidence, the successor judge found that the state attorney did not engage in prosecutorial misconduct and denied the motion to dismiss. See id. at 1282. The fifth district framed the issue as the finality it must accord to the statement by the predecessor judge that the prosecutor’s actions were deliberate. Thus, the court questioned whether the successor judge was bound by the previous judge’s findings. See id.
*823 While noting the general rule that “a successor judge may not review and reverse on the merits and on the same facts the final orders and discretionary rulings of his predecessor, absent special circumstances such as mistake or fraud upon the court,” the court recognized that the rule does not apply to interlocutory orders or decrees. Id. at 1283. The court observed that the original judge’s finding that the prosecutor purposefully elicited testimony in violation of the motion in limine was not necessary to grant a mistrial and that the mistrial was never reduced to a final order dismissing the charges. See id. Thus, it was not a final order. The court therefore held that the issue of whether the prosecutor acted intentionally was properly before the second judge who was actually called upon to rule on the motion to dismiss.
Unlike Ha/pp, the defense at the original hearing requested a dismissal with prejudice. The original trial judge in this case was called upon to determine whether the prosecutor intentionally caused a mistrial. She conducted a detailed examination of the prosecutor, as set forth above. She questioned the attorney at length and concluded that eliciting the objectionable testimony was a result of inexperience, not intentional conduct. She carefully considered whether the mistrial should be granted with prejudice and expressly determined that it should not.
The successor judge essentially overruled her factual determination without taking any additional evidence at all. The judge seemed convinced that since the mistrial was granted because of the prosecutor’s question, jeopardy irrevocably attached, precluding any retrial of the defendant. This is contrary to the rule enunciated in Kennedy.
Also, unlike Happ, the original trial judge made a factual finding, as suggested by Kennedy, that the prosecutor’s intent was not to create a mistrial. A successor judge may not reweigh and compare evidence heard before a prior judge. See Smith v. Silberman, 586 So.2d 467, 468 (Fla. 3d DCA 1991); State v. Garcia, 422 So.2d 926, 927 (Fla. 3d DCA 1982). Without further evidence and testimony from which the successor judge could make a contrary conclusion, the successor judge erred in granting the motion to dismiss on double jeopardy grounds.
We conclude that the original trial judge made a thorough inquiry as to the intent of the prosecutor and concluded that he did not intentionally create the situation requiring the motion for mistrial. Having so concluded, a second trial was not barred by double jeopardy.
We reverse and remand to reinstate the charges against appellant and for further proceedings thereon.
GUNTHER and STEVENSON, JJ„ concur.