933 So.2d 565 (2006)
STATE of Florida, Appellant,
v.
Earnest L. SCURRY, Appellee.
No. 1D05-2051.
District Court of Appeal of Florida, First District.
March 17, 2006.
Charles J. Crist, Jr., Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellee.
KAHN, C.J.
The State appeals an order of dismissal on double jeopardy grounds. Because the record will not support a finding of intentional prosecutorial misconduct, we reverse and remand this case for further proceedings.
"[T]he granting of a motion for a mistrial made by the defense ordinarily does not bar a retrial, even where the error was due to action of the state." State v. Balezos, 765 So.2d 819, 822 (Fla. 4th DCA 2000); see Fuente v. State, 549 So.2d 652, 657-58 (Fla.1989). A narrow exception exists, however, when the State's misconduct was intended to provoke the defendant into moving for a mistrial. See Gibson v. State, 475 So.2d 1346, 1347 (Fla. 1st DCA 1985) (stating that for double jeopardy to attach after a mistrial due to prosecutorial misconduct, court must find that prosecution intended to "goad" defendant to move for mistrial). Only under such a scenario of intentional prosecutorial misconduct, will double jeopardy attach. See Fuente, 549 So.2d at 658 ("`Only where the governmental conduct in question *566 is intended to `goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.'" quoting Oregon v. Kennedy, 456 U.S. 667, 676, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982)); see also Rodriguez v. State, 622 So.2d 1084 (Fla. 4th DCA 1993) (finding that retrial did not violate double jeopardy because prosecutorial misconduct, although present, was not intentional).
In the instant case, the trial judge instructed both parties not to reference appellee's previous trial. The State communicated this command to its witnesses. Nevertheless, one of the State's witnesses, when asked by defense counsel on cross-examination about her previous testimony in the matter, mentioned the first trial. The exact exchange was as follows:
Q: Detective Morgan, do you recall testifying previously in this matter on July 14, 2003?
A: The previous trial? I don't know what you are talking about.
The witness, obviously confused by counsel's question after she was instructed not to mention the previous trial, innocently committed the very error she was trying to avoid. This falls far short of intentionally goading the defendant into requesting a mistrial. Accordingly, we REVERSE and REMAND this case for further proceedings.
THOMAS, J., concurs and PADOVANO, J., concurs in part and dissents in part with written opinion.
PADOVANO, J., concurring in part and dissenting in part.
I would reverse on the ground that the defendant failed to give proper notice of the hearing on his motion to dismiss. The motion was considered during a status hearing held just one day after the mistrial had been granted. Even if we were to assume that the state had adequate time to prepare, it does not appear from the record that the defendant served notice that his motion would be considered during the status hearing. The primary purpose of that hearing was not to consider pending motions, but rather to reset the trial date.
My colleagues reason that the motion should have been denied because the prosecutorial misconduct in question was innocent. With all due respect, I cannot join in this conclusion. Neither of the two prosecutors who participated in the trial was present at the time the motion was heard. The trial judge took no evidence on the question of the intent of the prosecutors and made no finding on the question of their intent. Consequently, I do not think that this court has the authority to excuse the prosecutorial conduct at issue by concluding as a matter of fact that it was innocent. That issue was not addressed, much less decided in the trial court.
Nor do I find anything confusing about the defense lawyer's question of the detective. Defense counsel simply asked the detective, "Do you recall testifying previously in this matter on July 14, 2003?" This was not an invitation to violate the trial court's order to refrain from discussing the prior trial. The question did not imply that the testimony was given in a trial.
Although I think the trial judge acted too hastily in ruling on the defendant's motion to dismiss, I certainly understand his frustration. This was a routine drug case involving simple factual issues. The trial judge was forced to try the case for a second time because the prosecutor made an improper comment on the defendant's right to remain silent, a blunder any prosecutor should know enough to avoid. Then the trial judge was faced with the prospect *567 of trying the case a third time because the prosecutor was unable to convey a simple instruction to a witness. Florida trial judges have very heavy caseloads; they cannot afford to waste precious time correcting errors that could easily be avoided.
The majority has remanded the case to the trial court for proceedings consistent with its opinion, but the majority's conclusion that the prosecutors acted innocently compels only one possible disposition on remand: an order denying the motion to dismiss. Because I do not think it is possible to excuse the conduct at issue as innocent when the prosecutors who tried the case have never appeared in court to explain themselves, I would remand the case for a hearing on the merits of the defendant's motion to dismiss.